## THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY v. E. A. BEAMAN AND ELLA A. BEAMAN.

### No. 61.

1. NOTICE—*possession of real estate notice of title.* Where a person is in the actual possession of, and claims title to, real estate, and has commenced an action in ejectment to recover the possession thereof, which he afterwards changes by an amended petition to an action for specific performance; *held*, that his possession and the notice it imparts are sufficient to preserve his rights, even though no suit had been pending at that time, and render a critical examination of the doctrine of *lis pendens* unnecessary.

2. SUBROGATION—*to entitle one to, person owning land must have been bound to pay.* One of the elements necessary to entitle a person, who has paid a mortgage debt, to substitution and to a lien upon the mortgaged premises, is, that the owner of the mortgaged premises, at the time the payment is made, is in equity and good conscience bound to pay the debt.

3. ――――― *person seeking must show all facts entitling him to.*
Where a person desires to be subrogated to the rights of a mort-
gagee whose mortgage he has paid, it devolves upon him to show
such a state of facts as will entitle him to such subrogation.

Error from Stafford District Court.   Hon. J. H.
Bailey, Judge.  Opinion filed May 20, 1897.  *Af-
firmed.*

This action was begun by plaintiff in error, in the
District Court of Edwards County, and was trans-
ferred to Stafford County for trial.   Its object was to
recover on a note and to foreclose a mortgage on real
estate.   The defendants in error were not the makers
of the note and mortgage, but were made parties be-
cause they claimed an interest in the land.   About
March or April of 1887, Smith, the mortgagor, nego-
tiated an exchange of lands with Beaman.   Deeds
were placed in escrow, but Smith declined to complete
the bargain and withdrew his deed.   Beaman began
his action in ejectment against Smith on May 5, 1887,
but getting possession the next day, he turned it into
an action for specific performance in which he was
successful.   On May 9, 1887, Smith and wife deeded
the land to Rhein, who on April 18, 1888, deeded it to
Rilla C. Smith, wife of the defendant in the suit be-
gun by Beaman.   On July 2, 1888, the Smiths exe-
cuted the note and mortgage sued on.   Prior to any
of these transactions the Smiths, while in possession
of the land and when their title was not contested,
executed to Stillman a mortgage on the land for two
hundred dollars, and when plaintiff in error made the
loan which it now seeks to collect they paid this
mortgage and the interest on it out of the proceeds.
Plaintiff in error sought to have its mortgage de-
creed a first lien on the land, but, if it should not

774     PHŒNIX LIFE INS. CO. v. BEAMAN.

S. Dept.          Opinion.   Dennison, P. J.        5 Kan. App.

be entitled to that, it asked that it be subrogated to the rights of Stillman.

The Smiths made default and judgment was rendered against them; but the Beamans contested the claim of plaintiff in error, and the judgment of the court was that they take the land free of any claim of plaintiff in error.

*C. H. Kirshner*, for plaintiff in error.

*F. M. Cowgill*, for defendants in error.

DENNISON, P. J. The plaintiff in error contends that its mortgage was superior to the title of Beaman.

1. Possession
notice of title.

Beaman was in the actual possession of the land at the time the mortgage was made, and was claiming to occupy it as his homestead.

"When an equitable owner of a homestead is in the actual occupancy of the land, all persons must take notice of his homestead interest." *Moore v. Reaves*, 15 Kan. 150; *Davies v. Cole*, 28 id. 260.

Even when no homestead interest is at stake, a purchaser or a mortgagee must take notice of the rights of the person in possession of land.

"All persons are bound to take notice of all equitable interests which any person may have in real estate, of which he is in the actual possession." *Tucker v. Vandermark*, 21 Kan. 263.

Beaman's possession was sufficient to put the Insurance Company upon inquiry as to his equitable interests. It was also sufficient to have put Otto Rhein and Rilla C. Smith upon inquiry as to Beaman's equitable interests. An examination of Beaman's claims at the date of the mortgage given by Smith to the Insurance Company, would have disclosed the facts. His title became perfect. Beaman's possession and the notice it imparted render it unnecessary

PHŒNIX LIFE INS. CO. v. BEAMAN.        775

May 20, 1897.        Opinion.   Dennison, P. J.        W. Div.

for us to critically examine the doctrine of *lis pendens*. They were sufficient to preserve his rights even though no suit had been pending. The trial court did not err in finding Beaman's claim superior to that of the plaintiff in error, nor in decreeing that the title to the land was in Beaman, free from the lien of plaintiff's mortgage. The other question relates to the refusal of the court to subrogate the plaintiff in error to the rights of Stillman under his mortgage. All the elements necessary to entitle the plaintiff in error to such subrogation are shown, except that the Beamans were in equity and good conscience bound to pay the Stillman debt. Counsel for the plaintiff in error argues that Beaman took the land subject to the Stillman mortgage, and that it was his duty to pay it. The only evidence upon this question is contained in one of the exhibits attached to the second amended petition of Beaman in the case of Beaman against Smith, which is the following letter :

2. Subrogation.

"PRATTSBURG, March 21, 187–.

"DEAR SIR : Your letter is at hand. You think that you gave me the advantage. I don't think so. I did not try to jew you on your place. I took your own figures and price. Well, you want to know the least I would take. If you will give me $250 we will trade, and that is the last cent I will come down. I have got a mortgage on my place for two hundred dollars at eight per cent. interest. You have three years to pay it in, and you pay the mortgage and give me fifty dollars and it is a trade. If you want to trade, I will take your cow on the trade at what she is worth, and I will leave my furniture and chickens and you leave yours there, and I will leave you my crop here for your crop there, as we will have our crops in. I will have in more of a crop than you will have. If you would rather pay me $250, I will lift the mortgage. Well, you wanted to know the seasons. I have been here

776 PHŒNIX LIFE INS. CO. V. BEAMAN.

S. Dept.        Opinion.   Dennison, P. J.        5 Kan. App.

two years in May, and we have had good crops both years. I raised forty bushels of corn to the acre last year. I would not trade at all, if it was not that my wife wants to go back to Missouri. You can send me your deed in care of postmaster, and I will send you my deed as soon as I get yours returned.

Yours,   JOHN W. SMITH."

At the trial Beaman's attorney attempted to show by him just what the agreement between the two was, but was prevented by the plaintiff in error. The following question was objected to by plaintiff and the objection sustained by the court:

" Q. I will ask you to state what if any understanding or agreement there was between you and Smith, in regard to Smith paying off this mortgage of two hundred dollars to Stillman, that was on the place at the time you traded for the place?"

It is certainly not shown by the record that Beaman was to pay the mortgage. No mention is made of it in the judgment in the case of Beaman against Smith. If the Insurance Company desired to be subrogated to the rights of Stillman, it devolved upon it to show such a state of facts as would entitle it to such subrogation. Failing to do this, the court properly held that it was not entitled to be subrogated.

If Smith was to pay the Stillman mortgage, and he secured its payment by the plaintiff in error through false representations or by a promise that it was to have the first lien upon the land to reimburse it, this would not entitle it to have the mortgage reinstated and to be subrogated to Stillman's interest. The plaintiff in error could look to Smith but not to Beaman. It could be subrogated to the rights of Smith, but could not be substituted to the prejudice of Beaman. Beaman was entitled to have the land cleared, and this is all he got. He need not concern himself

as to the means by which Smith procured the release of the mortgage, if he was not a party to it.

The judgment is affirmed.