HENRY MARTIN *et al.* v. JACOB MARTIN.

LAND — *Forfeiture — Jurisdiction, Extent of.* In an action to forfeit an estate in certain land, where the court has acquired jurisdiction to hear the case, it may adjudicate and pass upon all of the real and substantial rights of the parties connected with the subject-matter of the litigation, in order to avoid a multiplicity of suits.

*Error from Franklin District Court.*

THE material facts are stated in the opinion.

*John W. Deford,* for plaintiffs in error.

*H. P. Welsh,* and *Mechem & Smart,* for defendant in error.

Opinion by GREEN, C.: The facts material to this case are: Jacob Martin and his wife deeded their homestead in Franklin county to their son Henry on the 5th day of July, 1880, on the condition that the father should have his support and a home as long as he should live. Henry occupied the farm with his father and mother until 1884, when he left the place and moved to Iola. In July, 1885, Henry deeded the farm to his brother Frank, in consideration of $1,375 cash. This conveyance was made without the express consent of the father, but it was understood by Frank that his father was to have his support. Frank moved upon the farm, but he and his father did not get along very agreeably; complaint was made that the son did not furnish proper support. The wife died in 1886, and, after a time, the father went to live with a

married daughter.    This suit was commenced in August, 1887, to forfeit the estate which Henry and Frank Martin, or either of them, had in the land conveyed by the father to Henry, and for such other, further, and different relief as might be decreed equitable.    The court below found that the defendants were in default of the performance of the conditions and fulfillment of the covenants contained in the conveyance of title to the real estate described in the plaintiff's petition, and by reason of the default, the plaintiff had sustained damages in the sum of $150, and that Frank Martin, since the commencement of the suit, had leased said farm for $100 for the term of one year from March 1, 1888, to March 1, 1889, and had received said $100, and gave judgment to the plaintiff against Henry and Frank Martin for $150 and costs, and judgment against Frank Martin for $100, and made each judgment a lien on the place; and also decreed that the plaintiff should recover possession of the real estate on March 1, 1889, and have peaceable possession, and enjoy the same during the term of his natural life, upon the sole condition that the taxes should be paid on or before December 20th of each year, after December, 1888; and in case of failure to pay the taxes, the premises should revert to the defendant Frank Martin.    A motion for a new trial was made, first, because the decision of the court was not sustained by sufficient evidence, and is contrary to law; second, that the amount of plaintiff's recovery was too large; and third, error of law occurring at the trial; which motion was denied.

The first complaint made by the plaintiff in error is, that the defendant Henry Martin was discharged; that the second deed bound the son Frank to furnish a home and support, not defining where that should be.    We do not agree with counsel for plaintiff in error upon this proposition.    We think when Henry Martin accepted the deed from his father it was with the idea that he was to support his father during his natural life, and he could not be released from such obligation without the express consent of the father.    The court

must have found that this was not given, and therefore the son was not released.

Again, we think that the condition expressed was a covenant running with the land, and was upon a condition subsequent. The language at the close of the body of the deed is: "But said Jacob Martin to have his support and home as long as he lives." While the question is not free from difficulty, we think it better and safer to hold this construction. The consideration moving the father to deed his home to the son, was that he should be supported. It is a well-settled equitable rule that a court of equity will fully rescind a conveyance by parents to a son in consideration of the covenant of the son to support and maintain them, in case of a breach of such covenant. (*Bogie v. Bogie,* 41 Wis. 209; *Bresnahan v. Bresnahan,* 46 id. 385; *Blake v. Blake,* 14 N. W. Rep. 173; *Delong v. Delong,* 14 id. 591; *Drew v. Baldwin,* 4 id. 576.)

The plaintiff in error contends that the defendants did not waive a jury in the court below, and therefore that the court could only grant strictly equitable relief, and had no right to assume the functions of a jury and give a judgment for damages and the possession of realty. The case was one for equitable relief. A jury was not requested to pass upon any question of fact in the case. It is a well-settled principle of equity jurisprudence that where the court has all the parties before it, it will adjudicate upon all the rights of the parties connected with the suit, so far as it can, so as to avoid a multiplicity of suits. (*Seibert v. Thompson,* 8 Kas. 65.) Courts of equity may adjust their decrees so as to meet most, if not all, the exigencies which may arise; and they may vary, qualify, restrain and model the remedy so as to suit it to the mutual and adverse claims controlling equities, and the real and substantial rights of the parties. (1 Story's Eq. Jur., § 28.)

The court below, having acquired jurisdiction of the parties and the subject-matter of the suit, had the inherent power to make all necessary orders, decrees and judgments, so as to settle the matters in controversy, and thus prevent litigation. Where a court of equity obtains jurisdiction of a suit for the

purpose of granting some distinctively equitable relief, and the special relief prayed for is not practicable, the court may retain the cause, decide all the issues involved, and may decree the payment of mere compensatory damages. (1 Pom. Eq. Jur., § 237, and authorities there cited.)

We think the judgment and decree of the court below should not be disturbed, and recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.