8413

KNIGHT v. JONES.

FRAUD—UNDUE INFLUENCE.—THE DEED of a lady over eighty years of age, decrepit and weak of mind, conveying her lands to her niece in trust for the support and maintenance of grantor during her life, then to grantee for life, with remainder to her children, held to have been made for valuable consideration without stress of undue influence and valid, although grantee died one year after its execution and some years before grantor, thereby depriving grantor of her personal attention.

Before GAGE, J., Laurens, May, 1912. Affirmed.

Action by Nancy Knight, Sue Robertson *et al.* against R. A. Jones and Molly S. Nash. Plaintiffs appeal. The Circuit decree is:

"This controversy is about 207 acres of land, situated four miles north of Laurens C. H., and estimated to be worth about $5,000.

"It was the property of an old unmarried lady named Susan Bramlett, who was past eighty years of age at the time of the transactions involved.

"On 20th July, 1905, Susan conveyed the land to her widowed niece, Sarah C. Jones, in trust for the maintenance and support of Susan for her natural life and then to Sarah for the life of Sarah, then to Sarah's children, the defendants, in fee.

"Sarah died before Susan, though she was many years her junior: Sarah died in November, 1906, and Susan died in May, 1909.

"After the death of Sarah, an action was begun by Susan against these defendants to vacate the deed of 20th July, 1905.

"The record at hand does not show in what year the action was begun.

"After Susan's death the action was continued by the present plaintiffs as heirs at law of Susan.

"The testimony was taken before F. P. McGowan, Esq., as special referee, but I have not the benefit of his enlightened judgment upon the issues made, for he was not directed to report his conclusions thereon.

"Such a mode of trial is always a source of embarrassment to the trial Judge.

"Though the cause was submitted at the Fall term, 1911, for Laurens, the arguments were not concluded until 1st May, 1912.

"The complaint charges:

1. "That Susan never made the deed.

2. "That if she did make it, she was influenced to do so unduly, and by the fraud of Sarah; and,

3. "That there was no consideration for the deed; and,

4. "That the grantees have never complied with the terms of the deed, in that they failed to take care of the grantor.

"I am clearly of the opinion that the testimony does not sustain the charges, or any of them.

"That the deed was made was clearly proven; and that charge was not pressed in the argument.

"The burden of the plaintiff's contention before me is, that while Susan was not so weak in mind as to be denominated *non compos,* yet by reason of her age and by reason of Sarah's influence over her she was induced to do that which she never intended to do.

"Most people, and especially women, when they reach eighty years of age are in a large measure dependent upon others.

"With most people old age is a tragedy. This old soul found herself in the world at eighty without a husband, without children, and without the superintending care of some one.

"That she needed such care, both the testimony and a knowledge of human nature prove.

"The witnesses make it plain that Susan first made a will, and constituted Sara her beneficiary; that she voluntarily destroyed that will in the presence of Austin Willis, a witness for the plaintiff; that she told Willis 'Several times that she was going to will this property to Sara. Later on she told me that she had deeded it to her.' This same witness testified that Sara 'was as nice and kind to her as anybody could expect.'

"The testimony of Mr. Bobo, of Mr. Babb, of Mr. Watts, of Col. Ferguson and Mr. Featherstone all proves that Miss Bramlett knew what she was doing, and did that which she intended.

"The suggestion, though, is that Mrs. Jones stood afar off and directed what Miss Bramlett should do.

"The testimony does not warrant that conclusion.

"The misfortune was that Mrs. Jones died but a year after the deed was made and the old lady was denied her superintending care.

"That fact accounts for the suit; for it was not until after the death of Mrs. Jones that Miss Bramlett repented her act, and brought this action to undo it.

"Her testimony, given in December, 1907, furnishes internal evidence of the old lady's waning mind and memory at that time; and gives no sustenance to the allegations of the complaint.

"The deed was not voluntary; it was made for the best consideration, and was enforcable, therefore, up to the old lady's death.

"The grantor did that which is the supreme desire of every old person, and that is to securely provide for their care and comfort in old age.

"There is no suggestion in the testimony that Mrs. Jones ever failed in her duty to her aunt.

"The old lady swore, that after Mrs. Jones' death, the defendant, Mrs. Nash, was unkind to her on one occasion.

"Mrs. Nash denied it, and I do not know the witness, and cannot judge betwixt them. But Miss Bramlett had a full remedy; she might have filed her bill and asked for a trustee to administer the trust so long as she lived.

"Her remedy was not to set aside a deed regular in form, fair in its terms, and executed with full knowledge by her of what it meant.

"I am of the opinion that the complaint must be dismissed, and it is so ordered."

*Messrs. Simpson, Cooper & Babb,* for appellants, cite: *Deed may be set aside if grantor is of weak understanding so as to be imposed upon:* 30 S. C. 472; 57 S. C. 420; 39

Am. St. R. 238; 62 Ia. 498; 66 Wis. 100; 31 Mich. 400; 2 Head, 289; 3 Leigh 567; 106 Ind. 483; 2 Mass. 378; 32 Ind. 126; 94 U. S. 506.

*Messrs. Ferguson, Featherstone & Knight,* contra, cite: *No proof of undue influence:* 90 S. C. 214. *Consideration was valuable:* 64 S. C. 256; 90 S. C. 196.

January 13, 1913. The opinion of the Court was delivered by

Mr. Justice Fraser. This is an action for the cancellation of a deed made by Miss Susan Bramlett to her niece, Mrs. Kate Jones. The cause was tried before his Honor, Judge Gage. The four exceptions raise questions of fact. The decree of Judge Gage is so clear and so amply sustained by the weight of the testimony, that it will not be necessary to consider the exceptions in detail.

From a careful reading of all the testimony, it is very evident to this Court that Miss Bramlett made just the disposition of her property that she intended to make, and secured for herself the means of living that might have failed if she had continued the indiscriminate use of her name in the signature of notes, checks and such papers at the bare request of all who seemed to have asked it. That she did not foresee the death of her niece, Mrs. Jones, may have been unfortunate and may not have been, but it can not invalidate the deed.

· The exceptions are overruled and the decree appealed from affirmed.