JAMES P. HOLLAND, *Appellant*, v. JAMES HOLLAND et al., *Appellees.*

No. 17,855.

SYLLABUS BY THE COURT.

1. ORAL CONTRACT—*Father's Real Estate—Services of Son—Part Performance—Injunction.* A son who has supported his father for a number of years under an agreement that he is to become at once the owner of a tract of land, and that the legal title is to be vested in him at his father's death, by will or otherwise, and who in reliance thereon has improved the property and performed service the value of which can not readily be estimated, is entitled to an injunction against the execution by his father of a deed to some one else.

2. HOMESTEAD—*Equitable Title—Alienation—Joint Consent of Husband and Wife.* Where in that situation the land is occupied by the son and his wife as a homestead, the title thereto can not be affected by an instrument signed by him, to which she has not consented.

Appeal from Dickinson district court. Opinion filed June 7, 1913. Reversed.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellant.

The opinion of the court was delivered by

• MASON, J.: James P. Holland brought an action, the general purpose of which was to obtain a decision that a tract of land standing in the name of his father had in fact been given to him in consideration of an agree-

ment for support which had been acted upon for many years, and the performance of which he was ready to complete. The portion of the petition relating to this matter was held demurrable and he appeals.

The defendants (the plaintiff's father and brother) make no appearance in this court, and the grounds of objection to the petition can only be surmised. Upon his statement of the facts, giving the allegations of his pleading that full credence and liberal interpretation to which they are entitled when attacked by demurrer, the plaintiff appears to be entitled to relief. A reversal will therefore be ordered, but in this situation little can be said that will be of assistance in the trial of the case. The petition, among other matters, sets out substantially this state of facts:

An oral agreement was made that the plaintiff was to support his father during his life, and at his death was to become the owner of a tract of land upon which they resided. This agreement was acted upon for several years, when a further agreement was made that the beneficial title to the land should pass at once to the plaintiff, and that the formal legal title should be vested in him at his father's death either by will or by some other instrument. In reliance upon this arrangement the plaintiff occupied the land, made valuable improvements upon it, and for some fifteen years ordered his whole life in conformity with the purpose of supporting his father. The father, at the instance of his other son, now seeks to repudiate the agreement and to sell the land. The plaintiff asks an injunction against such a sale, and for other relief.

If in the situation stated the father had died, the plaintiff could have maintained his title to the property against all claimants, and could have compelled a specific performance of his contract for a conveyance of the legal title. (*Schoonover v. Schoonover,* 86 Kan. 487, 121 Pac. 485, and cases there cited.) It is equally clear that although his father still lives the plaintiff

(if his statement be true) has done such acts upon the faith of the contract that he can not be adequately compensated for its breach, and that he has thereby already acquired such rights in the property that he may invoke the aid of a court of equity for their protection. While the specific performance of a contract to devise real estate in consideration of the support of the owner during his life can not well be decreed until his death, his alienation of the property may be restrained where this is necessary to prevent injustice. (Note, 18 L. R. A., n. s., 218.) In the present case the plaintiff does not rely merely upon a promise to devise the land to him; he alleges a definite agreement for the immediate passing of the equitable title.

The petition contains an allegation that the plaintiff had signed a lease for the land, by which his father granted him the use of it for a season, and in which he agreed to surrender possession at the expiration of the time named. Special circumstances are pleaded which would perhaps avoid the effect of the lease upon other grounds, but at all events, under the allegations of the petition, it was void as a conveyance or release of the plaintiff's interest in the land, because it was occupied by himself and his wife as a homestead; notwithstanding his title was only equitable, he could not alienate it without her consent. (*Moore v. Reaves,* 15 Kan. 150.)

A separate count in the petition asks for protection of the plaintiff's claim to personal property involved in the same transaction. Sufficient grounds are stated for relief in that respect also.

The judgment is reversed and the cause remanded with directions to overrule the demurrer to the petition.