No. 19,521.

JAMES P. HOLLAND, *Appellant,* V. JAMES HOLLAND AND
FRANCIS A. HOLLAND, *Appellees.*

SYLLABUS BY THE COURT.

1. PARENT AND CHILD—*Contract—Future Support—Partial Performance
—Breach—Ouster—Equities.* Plaintiff, among other things, alleged
that about 1888 his parents agreed with him and his brother that in re-
turn for their support the parents would give their land to the sons, by
will or otherwise; that afterwards it was agreed that each of the sons
was to have one-half the land; that the plaintiff took possession of his
half and lived thereon as his homestead for seventeen years, supporting
the parents until the surviving father left the place; that such sup-
port was worth much more than the use of the land; that the father
and brother had conspired to oust him therefrom and to sell the land,
had converted personal property belonging to him, and were threaten-
ing to sell other property in which the plaintiff had a joint ownership.
*Held,* error to compel him to elect to try only one of such matters, as
all should have been settled in the one action.

2. SAME—*Specific Performance Refused.* Having found that the plaintiff
had breached the contract by failure to support his father and by
putting him in fear of bodily harm by threats of violence and personal
injury, thereby causing him to leave, the trial court rightfully held
him not entitled to specific performance.

3. SAME—*Value of Father's Support—Use of Land.* But in view of
the long-continued support furnished by the son and the allegations
as to its value, it is held that he has a right to enjoin ouster and the
sale of the land to another until reimbursed or secured for the value
of such support over the use he has had of the land.

Appeal from Dickinson district court; ROSWELL L. KING,
judge. Opinion filed February 12, 1916. Modified.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City,
for the appellant.

*James V. Humphrey,* of Junction City, and *C. S. Crawford,*
of Abilene, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff, James P. Holland, sued his father
and brother to protect his possession and interest and perfect
his title to certain land claimed by him in pursuance of an
oral agreement with his parents by which they were to be

supported by the sons and leave the land to them by will or otherwise, also to recover for certain personal property alleged to have been converted by the father and brother and to enjoin them from disposing of certain personal property claimed by the plaintiff. The jury found, among other things, that about 1888 the parents made an oral agreement with their sons, James and Francis, to make a will giving to each one-half of their land; that in part consideration for this agreement the sons were to support the parents during their lifetime, and were also to pay off a mortgage on the land; that afterwards an agreement was made to divide the land, James to have one-half and Francis the other, and possession was taken by the two sons and the mortgage was paid by them from their funds; that pursuant to the first agreement a will was made, giving to each 'a half interest in the land subject to certain bequests to be paid by the sons, to which they consented; that James supported and cared for his parents up to October, 1910; that the father left his home by reason of the persuasion and undue influence of Francis.

The plaintiff having been compelled to elect and having proceeded upon the first cause of action only, the court announced that it would dismiss the action as premature, apparently on the ground that the will could not take effect during the testator's lifetime and hence the plaintiff was not entitled to a decree. While expressing some dissatisfaction with one finding, it was stated that the court had decided neither to make another nor to set that one aside. Afterwards, however, the findings that the father had not left because of James' failure to care for him properly or mistreatment, but had left on account of the influence of Francis, were set aside and findings made by the court that James committed a breach of the oral agreement by neglecting and failing to properly care for his father, by putting him in fear of bodily harm by threats of violence and personal injury, thereby causing him to leave his home, and that the mortgage was paid from the proceeds of certain live stock owned by the father and sold by the sons. The conclusions of law were to the effect that an action for a specific performance could not be maintained during the life of the father and that the son was not entitled thereto because he had not performed the oral agreement upon his part but

had committed a breach thereof, and it was therefore adjudged that the first cause of action be dismissed for want of equity; that the plaintiff was not entitled to the injunction prayed for to restrain the disposal of the land nor to any other equitable relief, "for the reason that he has forfeited all right to any interest in or to the same by his failure to perform the oral agreement in question and by his breach of the conditions of the same."

Some question is made whether these findings were made by the court or by the judge in vacation and some contention that the appeal is not timely, but from the entire showing it must be held that the findings were first made a part of the journal entry by the court at the succeeding term, and that the appeal was taken in time.

The plaintiff claims that his expenditures in the support of his parents amounted to $12,000 more than the use of the land, and that the father, having been tolled away by the brother, is conspiring with him to sell the land and oust the plaintiff therefrom, and has even brought a forcible detainer suit in pursuance of such purpose; that the plaintiff has occupied the land as a homestead for seventeen years, that he has at all times been willing to support his father and in his petition tenders such support and a good and sufficient bond to secure the same. It is urged with much force that the plaintiff has acquired an interest in the land which equity should protect even though he may have been at fault in not keeping on good terms with his father.

Numerous cases are cited holding in substance that after a long-continued execution on the part of the child such a contract may be breached by the parent; but the feature which distinguishes this from any cited case is the express finding that the plaintiff himself breached the contract by practically driving his father away. Taking this finding as true, as we are compelled to do under the rules, the trial court was justified in holding that the plaintiff is not in condition to ask a court of equity to enforce the contract. But after much consideration this court has reached the conclusion that as the contract appears to have been made by both parents with both of the sons, who were to render the support in return for land, that the entire support of the parents for many years

seems to have been furnished by the plaintiff, he having entered upon the land by the consent of the parents under the contract and raised his family there and regarded it as a homestead for more than fifteen years—if the support furnished was as alleged of many times more value than the use of the land—it is not fair or equitable to hold that the father can put the plaintiff and his family off the land and dispose thereof without any regard to the rights therein of the son who offers to secure his father's continued support.

The principle of allowing for partial consideration paid, or part performance had before the breach or misconduct of the grantee, has been recognized in a number of decisions involving contracts somewhat similar to the one before us. In *Penfield v. Penfield,* 41 Conn. 474, the son supported the father a few months and then a quarrel arose and thereafter the son failed to care properly for him. In compelling a reconveyance the court said:

"The inconsiderable sums which the respondent has paid for taxes on the property and interest on the mortgage, since the conveyance to him, are fully balanced by his use of the property." (p. 480.)

*Pitts, Adm'r, v. Pitts,* 21 Ind. 309, was an action by a daughter against her father's estate on a note given in consideration of her living with and keeping house for him. An instruction to the effect that if she, without sufficient cause or without his consent, left his service before his death she could recover the reasonable value of her services, was approved. In *Vancleave v. Clark,* 118 Ind. 61, 20 N. E. 527, 3 L. R. A. 519, a man contracted with another for the support of his infant daughter in his own family as one of his children. After thus supporting her for some time he placed her in a county asylum among common paupers, on account of her having become insane. It was held that the recovery for the breach of the contract would be the difference in value between the care contracted for and the care received. It was said:

"In this case the appellant had fully complied with the contract for nearly two years. Under this state of the case it is not competent for the appellee to sue for and recover the entire consideration paid by him by reason of the failure of the appellant to comply with the contract for the period of nine months." (p. 66.)

Holland v. Holland.

In *Patton v. Nixon*, 33 Ore. 159, 52 Pac. 1048, a woman made a conveyance of her property to her daughter in consideration of her future support, and after receiving such support for a time it ceased, and it was held that while she had a remedy at law to recover by way of damages, equity would dispose of the matter by making her maintenance a charge upon the property. The supreme court of Minnesota in *Bruer v. Bruer*, 109 Minn. 260, 123 N. W. 813, in a case of conveyance by a parent to his son for support and maintenance during the remainder of his life, held that upon breach of the agreement by the son the plaintiff could have the conveyance set aside or the amount due under the agreement made a lien upon the land or such other relief as the equities made justifiable. It was said in the opinion (p. 265) that by the modern trend of authority these transactions are placed in a class by themselves and enforced without regard to form and phraseology. In *Norris v. Lilly*, 147 Cal. 754, 82 Pac. 425, a suit for cancellation for breach of contract to support after performance had continued for six years, while the question arose upon the correctness of the judgment upon the pleadings, it was said in the opinion:

"In the very case here pleaded, if the defendants, after the payment or this money, and after years of personal service, had refused to proceed further with the contract, plaintiff unquestionably would have been entitled to rescind, but in rescinding, the court of equity would take cognizance of the value of the services rendered and the moneys paid, the value of the occupation of the land by the promisors, and reach its conclusion under the evidence as to the terms upon which a cancellation of the deed should be decreed." (p. 756.)

In *Johnson v. Paulson*, 103 Minn. 158, 114 N. W. 739, in a case of breach after partial compliance, it was held that the court was justified in ordering judgment that the land should be returned to the grantors, "with the right of possession upon payment to the grantees of an amount sufficient to reimburse them for the expense incurred in making improvements on the premises." (Syl.) This is a well-considered case, and numerous authorities are cited. (See, also, *Bogie v. Bogie and another*, 41 Wis. 209; Note 43 L. R. A., n. s., 916; 6 R. C. L., § 319.)

While, under the findings made by the court, the plaintiff is not in a position to ask the specific performance of the contract, still he should be permitted to retain possession of the land

until reimbursed or secured for the partial payment he has made thereon by the long years of support furnished his parents, if it can be shown to have been materially more valuable than the entire use he has had of the land.

When the case was here before (*Holland v. Holland,* 89 Kan. 730, 132 Pac. 989), it was said that sufficient grounds were stated in the petition for the relief sought in the second and third counts, and as pleadings remain the same the suggestion still applies.

It was error to compel an election and restrict the plaintiff to a trial of the first cause of action. The entire controversy should have been settled.

The judgment is modified and the cause remanded for further proceedings in accordance herewith.