No. 20,187.

J. O. SIMMONS, revived in the name of W. J. METCALF, as Administrator with the will annexed, etc., *Appellant*, v. EFFIE SHAFER and IVAN SHAFER, *Appellees*.

### SYLLABUS BY THE COURT.

DEED—*Parents to Child—Maintenance and Support—Partial Performance—Deed Not Canceled—Equitable Judgment.* Where a deed to land was made for an expressed money consideration but the real consideration was an agreement by the grantee to provide for the care and maintenance of the grantor, who was about seventy years of age, during the remainder of his life, and where such care and maintenance were provided by the grantee for a number of years and until he died, and where after the death of the grantee his widow and the grantor were unable to live harmoniously together, whereupon she declined to stay longer in the home with him but did offer to pay for his care and maintenance furnished by others, it is held, in an action brought by the grantor to cancel the deed, that although

there is power in the court to cancel a conveyance for a substantial breach of an agreement to support the grantor where that is the most effective remedy, a partial noncompliance with the agreement does not necessarily require a cancellation of the deed; and held further, that the judgment herein which made the future care and support of the grantor a charge upon the land is an appropriate remedy and not inequitable.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed October 7, 1916. Affirmed.

*W. R. Cline*, and *J. Q. Stratton*, both of Erie, for the appellant.

*Ross B. Smith*, and *Claude M. Brobst*, both of Chanute, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. O. Simmons commenced this action against Effie Shafer and Ivan Shafer, her son, to cancel a deed executed by the plaintiff to J. W. Shafer, husband of the defendant, for the expressed consideration of $1000, and to have his title quieted in the land included in the deed.

The plaintiff, who was about seventy years old, feeble and unable properly to take care of himself or his farm, entered into an oral agreement with J. W. Shafer, a grandson, who had been living with the plaintiff, whereby he was to live with the plaintiff on the farm, care for and support him during his life, and in return he was to give Shafer an undivided one-half interest in the land. At that time a deed was executed conveying to Shafer the half interest in fee, subject to a mortgage of $650, half of which the grantee assumed and agreed to pay, and the deed was recorded. The remaining half interest was conveyed to Loyd Shafer, another grandson. After receiving their deeds the two Shafers placed an additional incumbrance of $2000 upon the land. The plaintiff lived with and was taken care of by J. W. Shafer until the latter's death. Shafer, having married in the meantime, left surviving him his wife and child, the defendants herein, and the plaintiff continued to live with them about three months, after which the defendants went elsewhere to live, being unable to live in friendly relations with the plaintiff. He brought this action

claiming that the defendant had failed to fulfill the agreement
to support and take care of him, which was the sole consider-
ation for the deed. The trial court decided that the defendants
had not complied with the contract, but held that as there had
been a partial performance of the consideration the deed
should not be canceled. The court decreed, however, that the
plaintiff should have all the rents and profits from the land
for the rest of his life, provided that he should pay the taxes
and the interest on the mortgage debt against the land; and
it was further decreed that the defendants should renew the
mortgage from time to time during the life of the plaintiff
for an amount and at a rate of interest not greater than those
of the present mortgage debt. While the appeal was pending
the plaintiff died and the administrator of his estate was sub-
stituted.

The plaintiff contends that the trial court having found non-
compliance with the terms of the contract which formed the
consideration for the transfer of the title, it necessarily fol-
lows that the deed should have been canceled, and that the
judgment rendered is outside of the issues and unauthorized.
The deed purported to convey an absolute title. There was de-
livery, and every step necessary to a transfer of the legal title
was taken. The actual consideration was the agreement of the
grantee to provide future care and support for the plaintiff.
It appears that these conditions were faithfully carried out for
a period of about five years and as long as the grantee lived.
During this period improvements were made upon the land
and the incumbrance was enlarged by the grantee and his
brother, to whom the other half of the land had been conveyed.
No claim was made that there was any misrepresentation or
fraud in the making of the contract which resulted in the trans-
fer of the title to J. W. Shafer. There was no failure to observe
its terms by either party to the contract, nor were there any
grounds for canceling the deed during the lifetime of the
grantee. The plaintiff and the widow were unable to live to-
gether harmoniously. Each complained that the other was in-
considerate and quarrelsome, which made life together unbear-
able, and it appears that each had some grounds for complaint.
The testimony is that the widow left the plaintiff in possession
of the house on the farm, and at the time of leaving made some

effort to have a renter and another care for the plaintiff. For a few months the plaintiff lived there with the grandson Loyd, who had been given the other half interest in the farm, and afterwards he occupied one part of the house and the tenants the other part. There is testimony that the defendant stated she would pay for his care and maintenance, and that she also told him to go to a store and get anything that he wanted and she would pay for it. She left considerable fruit and some groceries in the house at the time she left the farm, but it appears that no other contribution was made by her towards his maintenance during the short period (about three months) between the time she left the farm and the commencement of this action. There was, therefore, partial noncompliance with the terms of the contract which formed the consideration for the deed; but a partial failure of consideration does not necessarily work a forfeiture or require the cancellation of the deed. (*Holland v. Holland,* 97 Kan. 169, 155 Pac. 5; *McCardle v. Kennedy,* 92 Ga. 198, 17 S. E. 1001, 44 Am. St. Rep. 85; *Russell v. Robbins,* 247 Ill. 510, 93 N. E. 324; *Dixon v. Milling,* 102 Miss. 449, 59 South. 804; *Knight v. Jones,* 93 S. Car. 376, 76 S. E. 978; *Elliott v. Elliott,* 50 Tex. Civ. App. 272, 109 S. W. 215; Note, 43 L. R. A., n. s., 916.)

In case of fraud in the making of such a contract, or of a purpose on the part of the grantee to avoid the obligation to provide future support, or where it is the only effective remedy, a court of equity is justified in setting aside a conveyance. (*Martin v. Martin,* 44 Kan. 295, 24 Pac. 418.) The plaintiff appealed to a court of equity for relief, and the parties interested being before the court it is justified in settling the rights of the parties upon equitable principles. There having been full performance of the contract for years, the death of the grantee, a change as to the improvements and mortgage debt against the land, and an offer by the defendant to provide for the care and maintenance of the plaintiff after it became evident they could not live together in friendly relations, the court naturally concluded that equity required a remedy other than absolute forfeiture and the cancellation of the deed. Equity is satisfied where the rights of the parties to the contract are substantially attained or provided in the decree. The care and maintenance which J. W. Shafer undertook to give to the

plaintiff and which were contemplated under the contract were largely of a personal nature. These the plaintiff had, so long as Shafer lived. Upon his death the obligations of course passed to his widow. Whoever may have been at fault, it is reasonably clear that she and the plaintiff could not live under the same roof. It was incumbent upon her to provide proper care and maintenance for the plaintiff in some practical way, and these she offered to furnish. The decree provided that his care and maintenance should be made a charge upon the land and that all the rents and profits, except taxes and interest charges, should be devoted to this purpose so long as he lived. This substantially accomplished the purposes of the original contract between the plaintiff and Shafer and does not appear to be inequitable. (*Holland v. Holland,* ante, p. 698, 158 Pac. 1116.)

The judgment is affirmed.