No. 37,588

John Garnett, *Appellee*, v. Caladonia Ternes and Joe Ternes, *Appellants*.

(210 P. 2d 1001)

Opinion filed November 12, 1949.

*Garner E. Shriver*, of Wichita, argued the cause, and *J. H. Chambers* and *Glenn J. Shanahan*, both of Wichita, were with him on the briefs for the appellants.

*Joe T. Rogers*, of Wichita, argued the cause, and *Roy L. Rogers*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action by plaintiff to cancel a deed to real property. Judgment was for plaintiff. Defendants have appealed.

One of the defendants was the daughter of plaintiff and the other defendant was her husband. The petition alleged the ownership by plaintiff of two town lots; that about August 1, 1943, plaintiff wrote defendants in California offering to convey to them the two lots if they would move to Wichita and make a home for him and support him in the station to which he had been accustomed; that he did not keep a copy of the letter; that the defendants came to Wichita, stated they wished to accept the proposition and would move into the property and provide for plaintiff for the rest of

his life; that they moved into the property and all lived together as a family; that on January 4, 1945, plaintiff conveyed the lots to defendants with a reservation of the right to possession for the rest of his life; that from the date of this conveyance the members of defendants' family began to criticize and to make statements to plaintiff that wounded his sensibilities and rendered his situation intolerable; that after April, 1945, defendant Caladonia Ternes told plaintiff that he was rotten and his use of the bathroom rendered it unfit for use by defendants' daughter and talked in such a manner as to leave the impression on the mind of plaintiff that he was not wanted in the family and such conduct continued until April, 1947, at which time defendants moved away from the property and established a place of residence; that from that time on the defendants had failed consistently to provide plaintiff with the necessaries; and they had not made a home for him; that the only consideration for the execution of the deed was the contract alleged.

The petition prayed that the deed and the contract under which plaintiff agreed to convey the property to defendants be canceled.

The defendants answered first with a general denial, then a denial that plaintiff was the owner of the property in question; admitted that defendants came from California to Wichita at the request of plaintiff and moved into the house and made a home for plaintiff; and alleged that on January 4, 1945, plaintiff made a division of his property amongst his children and part of that division was a voluntary and irrevocable gift of the lots in question to his daughter Caladonia; that in January, 1947, plaintiff demanded that Caladonia execute a mortgage on the property; that she refused to do so and from that time on plaintiff made threats and demands against her, whereupon her health and well-being was injured; that it was finally agreed by counsel representing both parties that defendants would move from the property, giving to plaintiff the full use and occupancy of it; that defendants at great cost moved to another home in Wichita and plaintiff remained as the occupant of the premises; that plaintiff ought not be admitted to say that any condition attached to his conveyance for the reason that he conveyed to Caladonia by warranty deed except for the reservation of a right of occupancy for his natural life.

The trial court found that the allegations of the plaintiff's petition were true, also that Caladonia had expended $278.52 for taxes while she was occupying the property with her family. The final

judgment was that the contract pleaded, as well as the deed, be set aside; the title of plaintiff be quieted; that Caladonia have a judgment against plaintiff for $278.52, and that this amount constitute a lien upon the land, and upon payment of that amount the liability be discharged.

The defendants have appealed and set out as specifications of error that the trial court erred in overruling their demurrer to plaintiff's evidence, in admitting incompetent testimony, in basing its judgment on incompetent testimony, in permitting plaintiff to prove an agreement of defendants to come and live with him in his home when that agreement had been superseded by a warranty deed for the property with reservation as to occupancy, in finding that plaintiff was the owner of the property, and in rendering judgment for the plaintiff and against defendants.

Defendants argue these specifications by propounding three questions—the first of these is "Where a father induces his daughter to move from another state and voluntarily deeds property to her, allegedly in consideration of support, is he entitled to equitable relief where he provokes quarrels and orders her off the property?" In arguing this point, defendants take the position that plantiff cannot resort to equity to secure redress of a wrong when he by his misconduct provoked the wrong of which he complains. Defendants argue this point as though it was established that plaintiff had caused by his misconduct defendants to move away from the home. The record does not bear this out. Plantiff proved by his own testimony, which the trial court was entitled to believe, that he conveyed the lots to Caladonia in return for her moving in with him and making a home for him and promising to continue to do so as long as he should live. The defendants denied this, but it was all a matter of which testimony the trial court believed. Next the plaintiff pleaded and proved that as soon as he had made the conveyance the attitude of the whole family changed and it became impossible for him to continue to make a home with them. The defendants denied this in pleading and with testimony but there was substantial evidence to establish the above allegations of the petition and the trial court believed it. The whole affair was all a matter of proof.

The rule is stated in *Martin v. Martin*, 44 Kan. 295, 24 Pac. 418, as follows:

"It is a well settled equitable rule that a court of equity will fully rescind a conveyance by parents to a son in consideration of the covenant of the son to support and maintain them, in case of a breach of such covenant."

The above rule is approved in *Simmons v. Shafer,* 98 Kan. 725, 160 Pac. 199; *Holland v. Holland,* 89 Kan. 730, 132 Pac. 989; and 12 C. J. S. 989; also, *Johnson v. Paulson,* 114 N. W. 739.

Defendant propounds the other questions, as follows:

"After partial performance by the grantee of her agreement to support the grantor, has the grantor waived the alleged breach of performance when the grantor prevents the grantee from further caring for him?

"If the grantor prevents further performance of an agreement to support him, is the grantor estopped to take advantage of such failure to secure equitable aid to cancel or rescind the deed given for support?"

What has already been said disposes of these questions.

The judgment of the trial court is affirmed.