**In re William J. McGUANE, Debtor.**

**William J. McGuane, Plaintiff,**

**v.**

**Everest Trading, LLC, Defendant.**

**Bankruptcy No. 03 B 08938.
Adversary No. 03 A 02272.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 26, 2004.

David E. Grochocinski, David P. Lloyd, Arthur W. Rummler, Grochocinski, Grochocinski & Lloyd, Orland Park, IL, for Debtor/Plaintiff.

Gina B. Krol, Linda M. Kujaca, Cohen & Krol, Chicago, IL, for Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of the debtor/plaintiff, William J. McGuane (the "Debtor"), for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056 on the complaint filed by the Debtor to avoid a preferential transfer made to the creditor/defendant Everest Trading, LLC ("Everest") pursuant to 11 U.S.C. §§ 547(b) and 550(a). For the reasons set forth herein, the Court grants the motion. The Court finds that the pre-petition transfer of the interest in the land trust to Everest in the amount of $142,083.28 by way of the claimed judicial liens is an avoidable preference under § 547(b) that is recoverable for the benefit of the estate under § 550(a) and preserved under § 551.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

## II. APPLICABLE STANDARDS

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). *See also Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1019 (7th Cir.2003).

The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir.1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir.1998). On a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir.2003) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases which encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Matsushita,* 475 U.S. at 585–86, 106 S.Ct. 1348.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Parkins v. Civil Constructors of Ill., Inc.,* 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Frey v. Fraser Yachts,* 29 F.3d 1153, 1156 (7th Cir.1994). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van Lines, Inc.,* 231 F.3d 1060, 1065–66 (7th Cir.2000); *Szymanski v. Rite Way Maint. Co.,* 231 F.3d 360, 364 (7th Cir.2000).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather its response must show that there is a genuine issue for trial. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Patrick v. Jasper County,* 901 F.2d 561, 565 (7th Cir.1990). The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. If the burden of persuasion at trial would be on the non-moving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either submitting affirmative evidence that negates an essential element of the non-moving party's claim, or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *See Union Nat'l Bank of Marseilles v. Leigh (In re Leigh),* 165 B.R. 203, 213 (Bankr.N.D.Ill.1993) (citation omitted).

Local Bankruptcy Rule 7056–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR56.1 and its predecessor Local Rule 12(M) applies to Local Bankruptcy Rule 7056–1.

Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment im-

poses special procedural burdens on the parties. Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056–1 statement"). The 7056–1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056–1B.

The party opposing a summary judgment motion is required by Local Rule 7056–2 to respond ("7056–2 statement") to the movant's 7056–1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056–2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr.R. 7056–2A(2). Most importantly, "[a]ll material facts set forth in the [7056–1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056–2B.

The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. *See Dade v. Sherwin–Williams Co.*, 128 F.3d 1135, 1140 (7th Cir.1997); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277–78 (7th Cir.1996); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938 (7th Cir.), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 256 (1993); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992); *Maksym v. Loesch*, 937 F.2d 1237, 1240–41 (7th Cir. 1991).

Compliance with Local Rules 7056–1 and 7056–2 is not a mere technicality. Courts rely greatly upon the information presented in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *Am. Ins. Co. v. Meyer Steel Drum, Inc.*, 88 C 0005, 1990 WL 92882 at *7 (N.D.Ill. June 27, 1990). The statements required by Rule 7056 are not merely superfluous abstracts of evidence. Rather, they "are intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information on its own." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir.1994). In the instant case, the Court must grant the Debtor's motion for summary judgment because no material issues of fact exist and he is entitled to judgment in his favor as a matter of law.

### III. *FACTS AND BACKGROUND*

On February 27, 2003, the Debtor filed a voluntary petition for relief under Chapter 13. On July 22, 2003, after obtaining leave of the Court, the Debtor filed this complaint against Everest pursuant to 11 U.S.C. §§ 547(b) and 550(a) to avoid and recover an alleged preferential transfer of claimed judicial liens that Everest attached to the Debtor's interest in a land trust in the sum of $142,083.28.[1] On

---

1. In a typical Illinois land trust arrangement, the real estate owner creates a trust into which real property is conveyed, becomes the trust beneficiary, and owns only a beneficial

August 22, 2003, Everest filed an answer and affirmative defenses to the complaint. On December 16, 2003, the Debtor moved for summary judgment asserting that he is entitled to judgment in his favor as a matter of law. On February 5, 2004, the case was voluntarily converted to Chapter 7 after the Court denied confirmation of the Debtor's amended Chapter 13 plan.

Based on the Debtor's 7056–1 statement and Everest's 7056–2 statement, the Court finds the following facts undisputed: On July 8, 2002, Everest obtained a judgment against the Debtor in the amount of $105,126.82. Debtor's 7056–1 statement at ¶ 3. On September 4, 2002, Everest obtained a second judgment against the Debtor in the amount of $36,956.46. *Id.* at ¶ 4. Among the assets in the bankruptcy estate is the Debtor's interest in his residence, located at 2277 Halsted Lane, Aurora, Illinois. *Id.* at ¶ 5. The Debtor is the co-beneficiary, with his wife, in Harris Trust and Savings Bank Trust number L–3977, an Illinois land trust that holds legal title to the real estate. *Id.* On February 7,

2003, less than 90 days prior to the filing of the bankruptcy case, Everest lodged copies of its two judgments with the land trustee, Harris Bank, asserting judicial liens in the Debtor's interest in the trust. *Id.* at ¶ 6. This transfer was on account of the antecedent debt owed by the Debtor to Everest that had been reduced to judgments before the transfer was made. *Id.* at ¶ 7.

## IV. *DISCUSSION*

■ As noted previously, compliance with Local Rule 7056–2 is not a mere technicality. "It is within the Court's discretion to require strict compliance with Local Rule 56.1." *Washington v. Village of Riverside*, 01 C 7438, 2003 WL 1193347 at *5 (N.D.Ill. March 13, 2003) (*citing Dade v. Sherwin–Williams*, 128 F.3d at 1140). Here, the Court finds that Everest has failed to controvert the statements in paragraphs 8 and 10 and has therefore failed to raise a genuine issue of material fact.[2]

interest in the trust res. The legal title to the real estate is held by the land trustee, such as a bank or other financial institution. This results in the equitable conversion of the owner's interest in the real estate from a real property interest to a personal property interest. Among the advantages of the arrangement are that the identity of the owner of the beneficial interest appears in no public document; the land trustee is the record owner. Although the beneficial interest is personal property, the perfection of security interests in beneficial interests in land trusts is not subject to the recording requirements of Article 9 under the Illinois version of the U.C.C. Rather, lodging a consensual security interest with the land trustee is the most common means for perfecting the security interest. *See Bank of Lyons v. Cavanaugh (In re Cavanaugh)*, 153 B.R. 224, 226 (Bankr.N.D.Ill. 1993) (*citing Einoder v. Mt. Greenwood Bank (In re Einoder)*, 55 B.R. 319 (Bankr.N.D.Ill. 1985)). *See also* Henry W. Kenoe, Kenoe on Land Trusts § 3.12 (Ill. Inst. for CLE, 1989).

In this matter, Everest asserts liens against the Debtor's beneficial interest in the land trust by lodging copies of the two judgments with the land trustee. This is distinguishable from the post-judgment collection procedure under Illinois law whereby a citation to discover assets is issued and served on the land trustee pursuant to 735 ILCS 5/2–1402, wherein a citation lien arises pursuant to 735 ILCS 5/2–1402(m) and creates a judicial lien as defined by 11 U.S.C. § 101(36).

2. The text of Everest's 7056–2 statement ¶¶ 8 and 10 reads as follows:

"8. Said transfer was made while the Debtor was insolvent.
**Answer:** The Defendant does not admit and has not admitted the allegations in paragraph eight of the Plaintiff's Statement of Uncontested Material Facts. See, Answer of Everest Trading LLC to Debtor's Complaint to Avoid Preference ("Answer"), paragraph 10. . . .

10. The Debtor has incurred administrative expenses in connection with the un-

To survive a motion for summary judgement, the opposing party "need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge*, 24 F.3d at 921 (*citing Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505) (citations omitted). Here, Everest stated only that it "does not admit and has not admitted" that the alleged preferential transfer was made while the Debtor was insolvent. Everest's 7056–2 statement at ¶ 8.[3] Everest then cites to its own answer, where it stated that it had no "knowledge to either admit or deny the allegations...." Answer at ¶ 10. The Court finds these responses insufficient to controvert the fact as contemplated by Rule 7056–2A(2). Similarly, in paragraph 10, Everest neither agrees nor disagrees with the statement of fact and states that it "has no knowledge regarding the allegations in paragraph ten...." The Court finds this statement is also insufficient to controvert the fact. The Rule requires more than a statement that the party opposing the motion lacks knowledge to admit or deny. The party must either agree or disagree with the fact and then cite support for its position. Everest has failed to do so here.

In the 7056–2 statement paragraph 9,[4] Everest "strongly denies" the fact of payment. Even if the Court finds this to be sufficient to dispute the asserted fact, Everest cites only to its own response in the record, a denial of the corresponding allegation. In a motion for summary judgment, the "nonmoving party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 360 (7th Cir.1992) (*quoting Anderson*, 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party may not rest upon mere denial of its pleading, however, the non-moving party's own affidavit or deposition will constitute such affirmative evidence, even if it includes only bare denials. *Id. (citing* Fed.R.Civ.P. 56(e); *Gatlin v. Jewel Food Stores*, 699 F.Supp. 1266, 1268 (N.D.Ill.1988)). Mere formal denials and allegations cannot forestall the award of summary relief. *Ziobron v. United States*, No. IP 94–1614–C–B/S, 1997 WL 1038209 at *4 (S.D.Ind. Nov.6, 1997). Although Everest has cited to the pleadings, it has not supplied any affirmative evidence to support its position; its reliance on its own pleadings is insufficient to support its disagreement with the stated fact. The Court reads Everest's cite to its own answer as the equivalent of a denial of the paragraph 9 statement with no further support. Accordingly, Everest has not presented evidence whereby a reasonable jury could

---

derlying Chapter 13 case, including at least $3,349.50 in legal fees.
**Answer:** The Defendant has no knowledge regarding the allegations in paragraph ten of the Plaintiff's Statement of Uncontested Material Facts."

3. Moreover, the Debtor has furnished copies of his relevant Schedules: Schedule A ($250,-000.00 total real property value); Schedule B ($10,370.00 total personal property value); Schedule D ($281,536.20 total secured debt); and Schedule E ($10,530.88 total unsecured debt). Thus, the Debtor has scheduled $260,370.00 in total assets and $292,067.08 in total debt, thereby admitting to his insolvency.

4. The text of Everest's 7056–2 statement ¶ 9 reads as follows:

"9. Said transfer enabled the Defendant to receive more than it would receive if the payment had not been made, this case was a Chapter 7 liquidation case, and the Defendant received payment under the provisions of the Bankruptcy Code.
**Answer:** The Defendant does not admit, has not admitted and strongly denies the allegations in paragraph nine of the Plaintiff's Statement of Uncontested Material Facts. See, Answer, paragraph 11."

return a verdict for the non-moving party. Therefore, the Court finds that Everest has failed to controvert the facts set forth in paragraphs 8, 9 and 10 of the 7056–1 statement and therefore deems such facts to be admitted as mandated by Rule 7056–2B. Accordingly, the Court finds that there are no material issues of fact.

·A trustee may avoid certain preferential transfers made from the debtor's estate before the debtor filed a bankruptcy petition. *See* 11 U.S.C. § 547(b). Specifically, § 547(b) provides that:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer on an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt provided by the provisions of this title.

11 U.S.C. § 547(b).

Accordingly, § 547(b) provides that a trustee may avoid any transfer [5] of an interest of the debtor in property if the transfer meets five requirements: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made on or within 90 days before the date of the filing of the petition; and (5) that enables the creditor to receive more than such creditor would if the case were a case under Chapter 7, the transfer had not been made, and the creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 547(b); *Warsco v. Preferred Technical Group*, 258 F.3d 557, 564 (7th Cir.2001); *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1171 (7th Cir.1996).

■ The moving party has the burden of proof to establish all elements of § 547(b) by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *In re Jones*, 226 F.3d 917, 921 (7th Cir.2000) (*citing In re Badger Lines, Inc.*, 140 F.3d 691, 698 (7th Cir.1998)). The Bankruptcy Code presumes the debtor to be insolvent, as a matter of law, during the 90 days prior to the bankruptcy petition filing date. 11 U.S.C. § 547(f); *see also Barash v. Public Fin. Corp.*, 658 F.2d 504, 507 (7th Cir.1981). This presumption requires the defendant to present evidence to rebut the presumption, but it does not relieve the plaintiff of the ultimate burden of proof on this third element to establish a prima facie case under § 547(b). *See In re Tax-*

---

**5.** The Bankruptcy Code's definition of a transfer is "expansive," *Barnhill v. Johnson*, 503 U.S. 393, 400, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992), and encompasses "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property...." 11 U.S.C. § 101(54).

*man Clothing Co.*, 905 F.2d 166, 168 (7th Cir.1990). Everest has furnished no evidence of the Debtor's actual solvency. The only evidence proffered was the Debtor's Schedules establishing his admitted insolvency.

The power to avoid preferential transfers is designed to further the Bankruptcy Code's central policy of equality of distribution: "creditors of equal priority should receive pro rata shares of the debtor's property." *Begier v. IRS*, 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). "Additionally, by preventing the debtor from favoring certain creditors over others and by ensuring an equal distribution, the preference provision helps reduce 'the incentive to rush to dismember a financially unstable debtor.'" *Warsco*, 258 F.3d at 564 (*quoting In re Smith*, 966 F.2d 1527, 1535 (7th Cir.), *cert. dismissed, Baker & Schultz, Inc. v. Boyer*, 506 U.S. 1030, 113 S.Ct. 683, 121 L.Ed.2d 604 (1992)). "The purpose of allowing preferential transfers to be set aside is to prevent debtors who are tottering toward bankruptcy from playing favorites among their creditors, trying to keep alive a little longer by placating the most importunate ones." *In re Freedom Group, Inc.*, 50 F.3d 408, 410 (7th Cir.1995).

■■ Typically, the initiation of a post-judgment citation proceeding starts the process to create a judicial lien in intangible personal property such as a debtor's beneficial interest in a land trust. *Einoder*, 55 B.R. at 324 (citations omitted). Service of a citation on the trustee of the land trust and the debtor creates a valid lien on the debtor's beneficial interest in the trust. *Rodriguez v. Citibank F.S.B. (In re Nowicki)*, 202 B.R. 729, 737 (Bankr.

N.D.Ill.1996). In this case, the Court finds that by lodging copies of its two judgments with the trustee of the land trust on February 7, 2003, Everest attempted to perfect its valid judgments as judicial liens in the Debtor's beneficial interest in the trust. There is little doubt that Everest was asserting liens on the beneficial interest in the land trust and thus, the Court concludes, and neither party disputes, that Everest was asserting judicial liens, as defined in 11 U.S.C. §§ 101(36) and (37),[6] when it lodged the judgments with the land trustee. By lodging its judgments with the land trustee, Everest attempted to elevate its unsecured claims against the Debtor to secured lien claim status. It is also likely that Everest would have taken additional steps to enforce and collect on its judgments had the Debtor not filed his bankruptcy petition.

■ In this case, the Court finds that the transfer occasioned by the lodging of the judgments against the Debtor's beneficial interest in the land trust meets the criteria under § 547(b), and constitutes an avoidable preferential transfer. The claimed judicial liens by the service of the copies of the two judgments constitute a transfer under § 101(54) of an interest in the Debtor's property for the benefit of Everest. The transfer was made on account of the two judgments against the Debtor, which were antecedent debts he owed before the transfer occurred on February 7, 2003, less than 90 days prior to the February 27, 2003 petition date. The transfer was made while the Debtor was admittedly and presumed insolvent, and it was an attempt to enable Everest to receive more than it would have if the case were a case under Chapter 7, if the trans-

---

**6.** Section 101(36) defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Section 101(37) defines a "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37).

fer had not been made, and Everest received a dividend distribution under the Bankruptcy Code.[7]

■■■ The Court further notes that the affirmative defenses[8] asserted by Everest are not among the enumerated statutory defenses to preferential transfers under the Code.[9] The Court finds that none of the defenses asserted by Everest are defenses to a transfer under § 547(b). *See Raleigh v. Mid Am. Nat. Bank & Trust Co. (In re Stoecker)*, 131 B.R. 979, 983–84 (Bankr.N.D.Ill.1991) (court held that recoupment was not a viable defense under

§ 547(c)). Moreover, Everest has furnished no evidence in support of any of its defenses on which it has the burden of proof under § 547(g).[10] *See also In re Midway Airlines, Inc.*, 69 F.3d 792, 797 (7th Cir.1995). Accordingly, the Court grants the motion.

## V. CONCLUSION

For the foregoing reasons, the Court grants the Debtor's motion for summary judgment and holds that the pre-petition transfer of the interest in the land trust to

---

7. The Court notes that in a Chapter 7 case, Everest would have the status of a general unsecured creditor, and accordingly, would share in the available proceeds pro rata with all the unsecured creditors. These proceeds would be reduced by administrative costs, legal fees and other professional fees and costs of sale. Although at the present time, Everest is the only creditor to have filed a claim, the Court finds that avoidance of the attempted transfer will be beneficial to the estate and the administrative priority claimants, such as the successor Chapter 7 trustee whose fees are entitled to a higher priority in the distribution of the estate assets than pre-petition unsecured creditors' claims. *Compare* 11 U.S.C. § 726(a)(1) *with* 11 U.S.C. § 726(a)(2).

8. As asserted in the answer, the six defenses are, briefly, as follows:

    (1) The Defendant originally recorded its judgment liens beyond the 90 days prior to the petition date.

    (2) The Debtor conveyed his interest in his residence into the land trust on October 25, 2000, after learning of significant losses suffered by the Defendant.

    (3) The transfer of the Debtor's interest in the trust was made with the intent to hinder, delay and defraud the Defendant.

    (4) That as a result, the Defendant was unable to secure its liens beyond the 90 days prior to the petition date.

    (5) Principles of equity prohibit the avoidance of the Defendant's liens as a preferential transfer because the Debtor has unclean hands.

    (6) Equity requires that the Debtor cannot take advantage of its own wrongdoing and

that relief can be denied where the Debtor is guilty of misconduct, fraud or bad faith.

9. Stated briefly, a preferential transfer may not be avoidable if: (1) the debtor intended the transfer to be a contemporaneous exchange for new value and the transfer was in fact a substantially contemporaneous exchange; (2) the transfer was in payment of a debt incurred by the debtor in the ordinary course of business according to ordinary course of business terms; (3) the transfer created a security interest in property acquired by the debtor to the extent the security interest secures new value; (4) the creditor gave new value to or for the benefit of the debtor; (5) the transfer created a perfected security interest in inventory or a receivable or the proceeds of either; (6) the transfer is the fixing of a statutory lien that is not avoidable under 11 U.S.C. § 545; (7) the transfer was a bona fide payment of a debt to a spouse, former spouse or child of the debtor for alimony, maintenance or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court; and (8) in a case filed by an individual debtor, the debts are primarily consumer debts and the aggregate value of all property that constitutes such transfer is less than $600.00. *See* 11 U.S.C. § 547(c).

10. Section 547(g) provides in pertinent part that "the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section." 11 U.S.C. § 547(g).

Everest in the amount of $142,083.28 by way of the claimed judicial liens is an avoidable preference under § 547(b) that is recoverable for the benefit of the estate under § 550(a) and preserved under § 551.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.