JOHN STOWELL V. THOMAS A. KERR *et al.*

No. 14,307.    (83 Pac. 827.)

SYLLABUS BY THE COURT.

1. HOMESTEADS—*Equitable Title—Exemption.* A homestead ex-·
emption may be claimed by a debtor in land to which he has
only the equitable title, where he occupies the land with his
family as a home.

2. ———— *Purchase—Intention—Subsisting Judgment.* Where
land is purchased with the definite intention of making it a
homestead, and immediately afterward the purchaser and his
family go into possession of the same and continue to occupy
it as their homestead, a judgment subsisting against him at
the time of the purchase will not become a lien thereon.

Error from Nemaha district court; WILLIAM I.
STUART, judge. Opinion filed December 9, 1905. Affirmed.

*John Stowell,* for plaintiff in error.

*J. E. Stillwell,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this proceeding John Stowell
seeks to subject an eighty-acre tract of land occupied
by Thomas A. Kerr and his family as a home to the
payment of a judgment against Kerr and in favor of
Stowell. The judgment was rendered in the justice
court, and an abstract of it was filed in the district
court on December 6, 1900. It appears that the Kerrs
induced S. F. Springer, a relative by marriage, to purchase a home for them, and he did so by buying forty
acres on April 3, 1903, and a contiguous forty-acre
tract on February 1, 1904. The purchase-money was
advanced by Springer, and the title was taken in his
name as security for the money advanced. The land
was bought by Springer with the intention that Kerr
and family should occupy it as a rural homestead. It
was immediately occupied by the Kerrs as their home,
an occupancy which has continued ever since the pur-

chase. The court held that the judgment lien did not attach to the land.

The judgment of Stowell appears to have been valid and subsisting when the land was purchased, and, of course, it became a lien on all the property of Kerr which was subject to judgment liens. Such a lien can never take precedence, however, of a homestead right, nor in any way affect a homestead. Kerr had an equitable interest in the land in question—an interest sufficient to uphold a homestead right. (*Tarrant v. Swain,* 15 Kan. 146; *Moore v. Reaves,* 15 Kan. 150.) Plaintiff argues that, as the judgment was on file and in force when the land was purchased, the lien of the judgment attached instantly and before the land became invested with the homestead character. As the land was purchased with the definite intention of making it a homestead, it had the homestead character from the beginning. The law does not prohibit a judgment debtor from procuring a homestead which will be exempt from forced sale for debts, nor is there anything in its purpose warranting the view that in the purchase of a homestead a judgment lien will outrun a homestead interest. On the other hand the homestead law is given a practical and liberal interpretation, in keeping with its policy and purpose. While occupancy is an essential feature of a homestead right, it is well known that complete occupancy at the moment of purchase is frequently impracticable. So it was said in *Edwards v. Fry,* 9 Kan. 417, 425:

"We know that the purchase of a homestead, and the removal onto it, cannot be made momentarily cotemporaneous. It takes time for a party in possession to move out, and then more time for the purchaser to move in. Repairs may have to be made, or buildings partially or wholly erected. Now, the law does not wait till all this has been done, and the purchaser actually settled in his new home, before attaching to it the inviolability of a homestead. A purchase of a homestead with a view to occupancy, followed by occupancy within a reasonable time, may secure *ab initio* a homestead inviolability."

On the purchase of a homestead there should be such occupancy as the situation warrants. To preserve the homestead character full occupancy as a residence should be taken within a reasonable time, and, if that is done, the occupancy will relate back to the time when the property was purchased with the *bona fide* intent to make it a homestead. (*Swenson v. Kiehl*, 21 Kan. 533; *Gilworth v. Cody*, 21 Kan. 702; *Loan Association v. Watson*, 45 Kan. 132, 25 Pac. 586; *Upton v. Coxen*, 60 Kan. 1, 55 Pac. 284, 72 Am. St. Rep. 341; *Neumaier v. Vincent*, 41 Minn. 481, 43 N. W. 376; *Reske v. Reske*, 51 Mich. 541, 16 N. W. 895, 47 Am. Rep. 594; *Scofield v. Hopkins and others*, 61 Wis. 370, 21 N. W. 259; 15 A. & E. Encycl. of L. 578.)

There appears to be no reason for the claim that considerable time intervened between the purchase and the occupancy. Plaintiff bases his claim on the fact that several months intervened between the time of purchase of the two tracts that constitued the homestead. The statement in the answer, upon which the ruling and judgment of the district court rest, is that immediately after the purchase Thomas A. Kerr and his family went into the possession of the land, and have ever since occupied the same as their homestead. This means that possession immediately followed the purchase, whenever made, and not that there was no occupancy until the purchase of the second tract.

Under the facts presented the land was acquired for a homestead in good faith, it was occupied and used for that purpose, and the Stowell judgment never became a lien upon it. The judgment is affirmed.

All the Justices concurring.