No. 21,135.

J. F. WALZ, *Appellant*, v. PETER KELLER et al., *Appellees*.

SYLLABUS BY THE COURT.

1. HOMESTEAD — *Lease and Contract Not Signed by Wife — Absolutely Void.* A homestead right attaches to land obtained under a contract of purchase where the purchaser and his wife occupy the land as a residence, and a new contract modifying the contract of purchase and stipulating for a surrender of possession in certain events, and also a contract of lease executed between the purchaser and the seller, none of which were signed by the wife and to which she gave no consent, are absolutely void.

2. SAME—*Defense to Action on Void Contracts.* Although the homestead may be sold for the payment of obligations contracted for its purchase, the purchaser and his wife are not precluded from defending the homestead right as against actions brought by the seller for rent and forcible detainer based on the void contracts above mentioned.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed December 8, 1917. Affirmed.

*Ira E. Lloyd,* and *N. F. Nourse,* both of Ellsworth, for the appellant.

*A. D. Gilkeson,* of Hays City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. F. Walz brought an action against Peter Keller to recover rent due upon a farm lease. Keller's wife and two mortgagees of the crop were also made defendants. Walz also secured a judgment in the justice of the peace court in a forcible detainer action for possession of the farm. The latter action being appealed to the district court, the two

actions were there consolidated and tried as one. Plaintiff appeals from the judgment in defendant's favor.

In 1908, defendant had entered into à contract with Mary L. Burpee by the terms of which she agreed to sell the land in question, situated in Trego county, to him for $2,700. He occupied it until January 24, 1911, when he was in default to the extent of about $900, having paid $700 on the purchase price. He and his brothers then entered into a contract with plaintiff by which the latter was to sell them certain land in Gove county for $30,000 and, as part of the consideration therefor, defendant (his wife joining with him) assigned to plaintiff his interest in the Burpee contract.

On April 1, 1914, defendant and his brothers being in default about $4,500 on the Gove county land, plaintiff and defendant then adjusted matters between them by releasing each other from all liability on the Gove county contract, and entering into another contract in which defendant agreed to purchase the Trego county land from the plaintiff for $2,265, payable in seven annual installments of $325 each, commencing October 1, 1914, with interest at six per cent. Strict compliance with its terms as to the times of making payments was made a condition of the agreement. The defendant and his wife and children have occupied the land as a homestead since May, 1914. On October 1, 1914, defendant failed to make the payment then due and notice to quit the premises was served upon him by plaintiff. Defendant asked for further time, and on October 2, 1914, they entered into another written agreement under which the contract of purchase made April 1, 1914, was surrendered to plaintiff, and it was provided that it might be redeemed on the following conditions:

"If the second party shall on October 1st, 1914, or on October 1st, 1915, make payment in full to the said party of the first part of all principal payments due at the time of such payment on contract for sale above mentioned, dated April 1st, 1914, then the said first party agrees to renew the said contract of sale or execute a new one under like terms and conditions."

It was further provided that the defendant should pay, not later than October 30, 1914, the sum of $67.95 as interest due under the contract of purchase, and that a failure to make such payment in time should render the new contract null and void.

At the time this agreement was made the lease on the land was executed. The interest payment of $67.95 was not made by defendant, and on November 3, 1914, plaintiff sent defendant a letter chiding him for failing to pay the interest and declaring that he considered the contract of October 2, as well as the contract of purchase mentioned therein, to be void. The action for rent was commenced August 13, 1915, and the forcible detainer action was begun on September 7, 1915. No payments were made by defendant on the contracts nor were any taxes paid except the last half of those of 1913; but on September 27, 1915, he tendered to plaintiff $876.42 as the amount due October 1, 1915, on the contract of purchase, together with taxes paid by plaintiff. The defendants in their answers admitted the execution of the lease and the nonpayment of rent, but relied on the contract of purchase, stating that the land was acquired for a homestead, and that the defendant's wife had never consented to the surrender of the contract nor to the execution of the lease, nor conveyed away her interest in the land.

The court ruled that when Peter Keller and his family took possession of the land under the contract of April 1, 1914, it became a homestead, and that as his wife was not a party to the subsequent negotiations and had never consented to any modification of the original contract or to a surrender of her homestead rights, the lease was a nullity and the original contract was still in force. The notices were held to be insufficient, one because it was premature and the other because of indefiniteness. The court further held that the second contract was a recognition that the first was still in force and that, by the second, plaintiff had waived the provisions of the first as to the times of payment of principal and interest, and also that it operated to extend the times for some of the payments.

It is contended by plaintiff that there is inconsistency in the ruling that the contract of October 2 is valid enough to extend the times of payment of principal and interest provided for in the first contract, but invalid as to the cancellation of the first contract and as to that provision of the second which makes nonpayment of interest at the new times fixed a ground of forfeiture. The second contract is wholly void as against the homestead interest, as is also the contract

of lease.   A homestead right attaches to an equitable interest as well as to a fee-simple title.   It has been held that a leasehold interest, whether it be for ninety-nine years or for one year, will support a homestead claim.   (*Hogan v. Manners,* 23 Kan. 551.)   In *Moore v. Reaves,* 15 Kan. 150, it was held that a contract of purchase such as the one in question was sufficient to uphold the homestead right, and that when the land is actually occupied by the family the husband cannot transfer his interest even conditionally without the consent of his wife.   In another case, where a son acquired an equitable interest in land owned by his father through the care and support of the father, and with his wife and children occupied it as a homestead, the son was induced to sign a lease under which he was to use the land until a fixed time, when he was to give it up and yield possession of the same to the father. The court held that the lease was void as a transfer or release of the interest of the son for the reason that the homestead right had attached and that the wife had not signed the lease nor given her consent to its execution.   (*Holland v. Holland,* 89 Kan. 730, 132 Pac. 989.)   For the same reason the contract of surrender as well as the lease executed by Keller on October 2 must be held to be void.   The homestead right was in no way affected by the negotiations and agreements between the purchaser and seller to which the purchaser's wife gave no consent.   The trial court rightly found that the first contract still subsists and that the defendants were not released from its obligations and liabilities.

By that contract the rights of the parties must be measured, and the homestead right is, of course, held subject to its terms and conditions.   Although the property is a homestead, the purchaser and his wife cannot keep the land and also the money which he agreed to pay for it, if the seller chooses to enforce the obligations executed under the contract of purchase.   The statute provides that ".  .  .  no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon," etc.   (Gen. Stat. 1915, § 4697.) Plaintiff contends that the homestead right cannot be set up as against the seller in this proceeding since the purchaser is in default for the purchase money.   The exemption may be

claimed in any proceeding except from a sale for taxes, for obligations for purchase money, or for the erection of improvements. The actions brought by plaintiff, as we have seen, were not for the recovery of purchase money nor to obtain a judgment for the sale of the premises, but they were based on agreements that are absolutely void.

The defendants had a right to assert the claim of a homestead interest, and the judgment upholding that claim is affirmed.