403 So.2d 511 (1981)
Evelyn H. GOLDMAN, Individually and As the Personal Representative of the Estate of Russell J. Goldman, Appellant,
v.
Jack MANDELL, Individually, Jack Mandell and Doris Mandell, His Wife, and Flagship Bank of Tampa, a Florida Banking Corporation, As the Personal Representative of the Estate of Roald A. Jacobsen, Appellees.
No. 81-119.
District Court of Appeal of Florida, Fifth District.
August 26, 1981.
Rehearing Denied September 14, 1981.
Ted R. Manry, III, and Charlie Luckie, Jr., of MacFarlane, Ferguson, Allison & Kelly, and Richard W. Reeves, Tampa, for appellant.
Ronald A. Cyril and Omer S. Causey of Nelson, Hesse, Cyril, Weber, Smith & Widman, Sarasota, for appellees.
Patrick T. Christiansen and Robert W. Wattwood of Akerman, Senterfitt & Eidson, Orlando, for amicus curiae, The Real Property, Probate and Trust Law Section of The Florida Bar, John Arthur Jones, Chairman.
COBB, Judge.
The issue raised in this appeal is whether the assignment of an interest in an Illinois land trust created in accordance with section 689.071, Florida Statutes, must be witnessed by two witnesses in accordance with the provisions of section 689.06, Florida Statutes. We hold that section 689.06 does not apply and no witnesses are required.
On December 15, 1965, Roald Jacobsen executed a land trust agreement in which he agreed to hold the title to certain real property for the benefit of Russell Goldman and Jack Mandell. On the same day, Russell and Evelyn Goldman and Jack and Doris *512 Mandell executed a deed in trust conveying certain real property to Roald Jacobsen as trustee. These documents created what is known as an Illinois land trust, which was provided for by section 689.071, Florida Statutes. On February 11, 1967, Jack Mandell executed an unwitnessed assignment of his interest in the trust property to Russell Goldman.
In 1975, both Roald Jacobsen and Russell Goldman died. Evelyn Goldman, as personal representative of her husband Russell Goldman's estate, became involved in a dispute with Jack and Doris Mandell over the ownership of the trust property. Evelyn Goldman brought a declaratory judgment action seeking to resolve the ownership issue. The Mandells answered and then moved for summary judgment. The trial court granted the motion for summary judgment and found in favor of the Mandells on the ground that the assignment was invalid as a matter of law. It is this summary final judgment that Evelyn Goldman is appealing.
Basically, Evelyn Goldman contends that since section 689.071 was enacted subsequent to section 689.06, section 689.071 supersedes; and since section 689.071 allows for a trust interest in real property to be deemed personal property, that means that section 689.06 no longer applies to the transfer of an interest in a land trust. Therefore, she argues that the trial court erred in ruling that the assignment was invalid.
On the other hand, the Mandells argue that if the Legislature had intended for section 689.071 to be outside of the requirements of section 689.06, it would have expressly so worded section 689.071. Since the Legislature did not expressly exclude section 689.071 from the provisions of section 689.06, the Mandells argue that the two statutes should be read in pari materia with the two-witness requirement of section 689.06 applying to the land trust created by section 689.071.
Sub-section (4) of section 689.071, which was enacted in 1963, provides:
(4) In all cases where said recorded instrument, as hereinabove provided, contains a provision defining and declaring the interests of beneficiaries thereunder to be personal property only, such provision shall be controlling for all purposes where such determination shall become an issue under the laws or in the courts of this state.
The "recorded instrument" in the instant case was the trust deed from the Goldmans and the Mandells to Jacobsen. That deed specifically declared the interests of the beneficiaries thereunder to be personal property only. That provision, in accordance with the clear statutory language, controls the determination in the instant case.
In this type of land trust, both the legal and equitable title are vested in the trustee. The beneficiary has no interest in either. The rights, privileges and obligations of the beneficiaries are not interests in real estate, but are expressly characterized as personal property. Taylor v. Richman's New Approach Ass'n, Inc., 351 So.2d 1094 (Fla.2d DCA), cert. denied, 363 So.2d 885 (Fla. 1978); Ferraro v. Parker, 229 So.2d 621 (Fla. 2d DCA 1969); Florida Real Property Practice II § 11.32, The Florida Bar Continuing Legal Education (2d ed. 1975); Kenoe on Land Trusts § 1.3, Illinois Institute for Continuing Legal Education (1978). The beneficial interest under a land trust, which is personal property, is transferable by a simple assignment. Shefner v. University Nat'l Bank, 40 Ill. App.3d 978, 353 N.E.2d 126 (1976); Kenoe on Land Trusts § 5.6, Illinois Institute for Continuing Legal Education (1978). This transfer can be effected by any form of assignment adequate to transfer an interest in intangible personal property. Kenoe on Land Trusts § 311, Illinois Institute for Continuing Legal Education (1978).
Accordingly, the summary judgment entered below is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.