**In re Donald Kenton KESTER and Charlotte Yvonne Kester, Debtors.**

**Christopher J. Redmond, Trustee, Plaintiff,**

v.

**Donald Kenton Kester and Charlotte Yvonne Kester, Defendants.**

**Bankruptcy No. 02–24689.
Adversary No. 03–6089.**

United States Bankruptcy Court, D. Kansas.

Sept. 16, 2005.

---

Daniel B. Denk, Ryan Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for Debtors.

Christopher Allman, U.S. Attorney's Office, Kansas City, KS, for Defendants.

## MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

ROBERT D. BERGER, Bankruptcy Judge.

This matter is before the Court on the Chapter 7 trustee's Complaint to Compel Turnover of Trust Assets. The complaint seeks the turnover of property held in self-settled living revocable trusts established by the debtors for their own benefit, including property that has been scheduled by the debtors as exempt under Kansas law. The trustee contends he is entitled to summary judgment on the complaint because the property held in trust is bankruptcy estate property that the debtors are not entitled to exempt. However, under Kansas law, if an interest is exempt from the claims of creditors, the corresponding interest of the beneficiary of a trust is also protected. Accordingly, the debtors as beneficiaries may exempt property held in trust and may not be compelled to turn over such property to the trustee. To the extent the trustee otherwise seeks personal property that is not exempt, genuine issues of fact remain for resolution at trial because the record is insufficient to determine whether turnover of nonexempt trust property would yield consequential value to the bankruptcy estate. Summary judgment on the trustee's complaint for turnover is therefore denied.

The trustee further seeks summary judgment on the counterclaims asserted by the debtors. The debtors assert the following counterclaims against the trustee:

I. Abuse and neglect of appointment;

II. Conspiracy to defraud; and

III. An untitled count alleging the trustee has acted "in direct contravention of both the letter and intent of the bankruptcy code."

As to relief, the debtors ask this Court to censure and remove the trustee and appoint a different trustee to administer their bankruptcy estate. The Court construes the debtors' request for relief as a request made pursuant to 11 U.S.C. § 324 to remove the trustee for cause. The debtors also seek as relief the "dissolution and set-off" requested in an answer to a complaint filed in a different adversary proceeding to which the Chapter 7 trustee is not a party. After taking judicial notice of the considerable record in the debtors' underlying bankruptcy case and associated adversary proceedings, the Court finds no cause to remove the trustee. The Court further finds that the debtors' request for "dissolution and set-off" is not properly before the Court. Accordingly, summary

judgment on the debtors' counterclaims shall be entered in the trustee's favor.

### Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. In articulating the standard of review for summary judgment motions, Rule 56 provides that judgment shall be rendered if all pleadings, depositions, answers to interrogatories, and admissions and affidavits on file show that there are no genuine issues of any material fact and the moving party is entitled to judgment as a matter of law.[1] In determining whether any genuine issues of material fact exist, the court must construe the record liberally in favor of the party opposing the summary judgment.[2] An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and an issue "is 'material' if under the substantive law it is essential to the proper disposition of the claim."[3]

The familiar standard in the Tenth Circuit is that the burden on the nonmovant to respond arises only if the summary judgment motion is properly "supported" as required by Rule 56(c).[4]

Accordingly, summary judgment is "appropriate" under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." If the nonmoving party fails to respond, the [bankruptcy court] may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law. If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[5]

### Factual Background and Legal Analysis

#### I. Exempting Property Held in Trust

■ The statement of uncontroverted facts set forth in the trustee's Motion for Summary Judgment is deemed admitted because the debtors did not file a timely response.[6] The uncontroverted facts are summarized below.

Prior to filing their petition for bankruptcy relief, the debtors transferred into self-settled living revocable trusts (hereinafter collectively referred to as the "Trust") the legal title to their principal residence, household goods, office equipment and miscellaneous other property.[7] The debtors are each beneficiaries of the Trust. After filing their petition for bankruptcy relief and amending their schedules

---

1. FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056.

2. *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citation omitted).

3. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998).

4. *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir.2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160–61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

5. *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160–61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)) (citation and emphasis omitted).

6. *See* D. Kan. LBR 7056.1.

7. The property was transferred either into the Charlotte Y. Kester Declaration of Trust or the Donald K. Kester Declaration of Trust.

a number of times, the debtors eventually claimed as exempt under Kansas law certain property held in the Trust, including their principal residence as their homestead. The trustee objected to the claimed exemptions and eventually filed this adversary proceeding to compel turnover of the property held by the Trust. As the basis for both the objection to exemption and this adversary complaint, the trustee contends the debtors are not entitled to claim as exempt under Kansas law property of the estate held by the Trust.

There is no question the debtors' interest in the property held by the Trust is property of the estate and subject to turnover if the debtors may not exercise exemption rights therein. However, whether a debtor as the beneficiary of a trust may claim as exempt under Kansas law property held by the trust is an issue of first impression. Section 522(b)(2)[8] provides the statutory framework for exemptions under the Bankruptcy Code. Under § 522(b)(2), a debtor may exempt any property which is exempt under federal non-bankruptcy law or, alternatively, under the laws of the state of the debtor's domicile. However, K.S.A. § 60–2312 prohibits Kansas citizens from electing to use federal bankruptcy exemptions, with certain exceptions inapplicable here.[9] Accordingly, whether a debtor as beneficiary of a trust may claim property held by the trust as exempt is dictated by Kansas law.

■■■■ The trustee understandably devotes considerable discussion to the nature of self-settled living revocable trusts and identifying the Trust as the true or legal owner of the property it holds. Kansas case law clearly supports the trustee's position and is otherwise silent with specific regard to a beneficiary's right to claim as exempt property held by a trust. However, a beneficiary's equitable interest in property held by a trust is an important consideration overlooked by the trustee. In Kansas, "[a] trust in real estate implies a holding of the legal title by one for the benefit of another who holds equitable title."[10] To support this proposition, the Kansas Supreme Court looked to the definition of a trust provided by the *Restatement (Second) of Trusts* § 2 (1957):

> A trust, as the term is used in the Restatement of this Subject, when not qualified by the word "charitable," "resulting" or "constructive," is a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it.[11]

As noted by the Kansas Supreme Court, Comment (f) following § 2 of the *Restatement* describes the different interests associated with a trust:

> In a trust there is a separation of interests in the subject matter of the trust, the beneficiary having an equitable interest and the trustee having an interest which is normally a legal interest.[12]

That a settlor's creditors can pursue property held in a revocable trust to satisfy their claims provides further indicia of the

---

**8.** All references are to the Bankruptcy Code, Title 11 U.S.C. §§ 101, *et seq.*, unless otherwise noted.

**9.** K.S.A. § 60–2312(a), (b).

**10.** *Gillespie v. Seymour*, 250 Kan. 123, 135, 823 P.2d 782, 793 (1991) (citing *Blackwell v.*

*Blackwell*, 88 Kan. 495, Syl. ¶ 1, 129 P. 173 (1913)).

**11.** *Id.*, 250 Kan. at 135, 823 P.2d at 792.

**12.** *Id.*

equitable interests associated with trust property.[13]

With respect to exemptions allowed by Kansas law, a beneficiary's equitable interest in or equitable title to property held by a trust should entitle him or her to the same rights held by the holder of equitable interest in or title to property held by another individual. To that end, Kansas law is settled concerning the right to claim as an exempt homestead property held in equity. In one of its earliest opinions concerning the homestead exemption, the Kansas Supreme Court observed:

> If [judgment debtor's] equitable interest in [real property] was sufficient to uphold the levy of execution, we know of no good reason why it should not be considered sufficient to uphold the homestead claim.... [14]

In another early opinion, the Kansas Supreme Court explicitly concluded:

> An equitable owner of real estate may occupy and hold the same as his homestead, subject to all the rights, privileges, immunities, and disabilities given and imposed by the homestead exemption laws.[15]

The early opinions allowing an equitable owner of real property to hold the property as a homestead are not anomalous. On at least six different occasions between 1875 through 1970, the Kansas Supreme Court concluded that an equitable interest in real property is sufficient to claim a homestead interest.[16] This Court is unaware of and the trustee has not otherwise identified any authority that vitiates the Kansas Supreme Court's conclusions. Accordingly, the transfer to a self-settled living revocable trust of the debtors' legal title to their principal residence did not destroy the property's exempt status if the debtors otherwise qualified for the homestead exemption because they continued to hold equitable title to or interest in the property.

By analogy, as a beneficiary is entitled to claim as an exempt homestead property held by equitable title, it logically follows that a beneficiary is also entitled to claim allowed exemptions in personal property held by equitable title. Although Kansas law is silent with specific regard to a beneficiary's right to claim property held in trust as exempt, this Court need not rely on analogy alone to reach its conclusion. "When there is no law directly on point, Kansas courts turn to the Restatement of Trusts." [17] With regard to exemptions, *Restatement (Second) of Trusts* § 149 (1959) provides:

> If a legal interest is exempt from the claims of creditors, the corresponding interest of the beneficiary of a trust cannot be reached by his creditors.

**13.** *See* K.S.A. § 58a–505(a)(1).

**14.** *Tarrant v. Swain,* 15 Kan. 146, 1875 WL 783 at *2 (1875).

**15.** *Moore v. Reaves,* 15 Kan. 150, 1875 WL 784 at *2 (1875).

**16.** *In re Estate of Dahn,* 204 Kan. 535, 464 P.2d 238 (1970) (concluding equitable interest under conditional sale contract sufficient to claim homestead interest in mobile home); *Southern v. Linville,* 139 Kan. 850, 33 P.2d 123 (1934) (concluding equitable estate in the land sufficient to claim homestead interest); *Walz v. Keller,* 102 Kan. 124, 169 P. 196 (1917) (stating "A homestead right attaches to an equitable interest as well as to a fee-simple title."); *Stowell v. Kerr,* 72 Kan. 330, 83 P. 827 (1905) (concluding equitable interest in real property titled to another sufficient to claim homestead interest); *Moore,* 15 Kan. 150, 1875 WL 784 at *2; *Tarrant,* 15 Kan. 146, 1875 WL 783 at *2.

**17.** *In re Estate of Somers,* 277 Kan. 761, 767, 89 P.3d 898, 904 (Kan.2004) (citation omitted).

Comment (b) to this section, with regard to statutory exemptions, explains:

> *Statutory exemptions.* In all the States there are statutes exempting certain kinds of property from the claims of creditors. These exemptions usually include such interests as homesteads, some household furniture, tools of a man's trade and the like. Equitable interests in property which are thus exempted cannot be reached by creditors. Thus a beneficiary of a trust of land may have a homestead interest which cannot be reached by his creditors.

Because both Kansas case law and the *Restatement (Second) of Trusts* respectively provide that a beneficiary may claim as exempt property held in trust, this Court is bound to conclude the same.

■ The law is clear that the debtors as beneficiaries may claim as exempt property held in the Trust. To the extent the trustee seeks exempt property, *e.g.,* the debtors' homestead and household goods, he is not entitled to summary judgment. To the extent the trustee seeks exempt assets held by the Trust, the Court will not compel turnover. The trustee did not provide sufficient evidence as to the nature of non-exempt assets, if any, held in the Trust. For these reasons, summary judgment on the complaint for turnover is denied.

## II. Counterclaim

The trustee seeks summary judgment on the counterclaims asserted by the debtors. The debtors assert three different counterclaims against the trustee:

I. Abuse and neglect of appointment;

II. Conspiracy to defraud; and

III. An untitled count alleging the trustee has acted "in direct contra-

vention of both the letter and intent of the bankruptcy code."

As relief, the debtors ask this Court to censure and remove the trustee and appoint a different trustee to administer their bankruptcy estate. In addition, the debtors seek the "dissolution and set-off" requested in their answer to a complaint filed in a different adversary proceeding [18] to which the Chapter 7 trustee is not a party.

First, even if the debtors were entitled to "dissolution and set-off," this Court cannot grant the relief requested because the parties against whom relief is sought are not parties to this action. Second, because the debtors seek the removal of the chapter 7 trustee and the appointment of a different trustee to administer their bankruptcy estate, the Court construes the request for relief as a request to remove the trustee made pursuant to 11 U.S.C. § 324. Assuming, for the purposes of this memorandum opinion only, that the debtors' request to remove the trustee were properly raised as a counterclaim in the answer to the trustee's complaint for turnover, the debtors are not entitled to the relief requested.

■ Section 324 of the Bankruptcy Code provides that: "The court, after notice and a hearing, may remove a trustee... for cause." Because the Code does not define what constitutes "cause" to remove a trustee, the determination must be made on a case-by-case basis.[19] Here, the debtors allege that the trustee has failed in his duties by colluding with one unsecured creditor to defraud other unsecured creditors, the Court, and the debtors themselves. Central to the debtors' allegations is their belief the trustee has been derelict

---

18. Case. No. 03–6064, Doc. No. 4.

19. *In re Miller,* 302 B.R. 705, 709 (10th Cir. BAP 2003) (citations omitted).

in his duty to liquidate Mr. Kester's former one-third ownership interest in a business enterprise known as Kesters Merchandising Display International ("KMDI"), which became part of Mr. Kester's bankruptcy estate.

While the uncontroverted facts proffered by the trustee in his Motion for Summary Judgment are not helpful in evaluating the trustee's efficacy in fulfilling his duties, this Court is permitted to take judicial notice of its own files and records as well as facts which are a matter of public record.[20] This Court takes notice of the record from the debtors' underlying bankruptcy case and associated proceedings and finds cause does not exist to remove the trustee. Although the underlying record is extensive, the Court need only revisit a portion of the record here.

The Court finds that in this matter the trustee has satisfied his duties by exercising astute business judgment in evaluating and administering the debtors' bankruptcy estate. With specific regard to Mr. Kester's former interest in KMDI, this Court provided Mr. Kester with ample opportunity to solicit bids for the asset at his insistence that he could find someone willing to pay more than the $20,000.00 sale price the Court ultimately approved on the trustee's motion.[21] However, Mr. Kester did not provide a buyer. Mr. Kester's failure to produce a buyer willing to pay in excess of $20,000.00 is reliable indicia that the trustee sold the KMDI asset at or above its liquidation value. Evidence from the hearing to approve the sale also supports the conclusion that $20,000.00 is at or above the KMDI asset's liquidation value. That the trustee sold the KMDI asset at or above its liquidation value is not evidence the trustee is conspiring to defraud creditors; it is direct evidence to the contrary.

The Court finds the trustee has otherwise faithfully and honestly exercised his duties under the Code. The record reveals that the trustee continues to diligently, if not zealously, perform his duties. This adversary proceeding alone evidences the trustee's pursuit of potential estate assets. Unfortunately, a trustee's role in the bankruptcy process often places him in the unenviable position of liquidating assets that are of personal significance to a debtor. To that end, the Court sympathizes with the debtors and understands that their experiences with the trustee likely have been an emotionally charged, difficult, and confusing process. This is the reality of Chapter 7 relief. In exchange for the opportunity to start anew, a debtor forsakes the nonexempt assets he or she has acquired. Most debtors are well-served by letting go of their financial past and focusing their energies on preserving their exempt assets, seeking a discharge, and moving toward a fresh start.

It is unnecessary to proceed to a hearing on the veracity of the debtors' claims, since any evidence the debtors could present would not overcome the clear and convincing evidence in the record of the trustee's continued satisfactory performance. Summary judgment on the debtors' counterclaims is entered in favor of the trustee.

### Conclusion

Summary judgment on the trustee's complaint for turnover is denied. Summary judgment on the debtors' counterclaims is entered in favor of the trustee.

### ORDER GRANTING MOTION FOR DISMISSAL

Charlotte Kester's Motion for Dismiss-

---

**20.** FED. R. EVID. 201.

**21.** See Case No. 02–24689, Doc. Nos. 94, 98.

al[1] came on for hearing on April 25, 2005. Having reviewed the file and pleadings in this matter, considered the testimony elicited at trial, and considered the arguments of counsel, this Court finds Mrs. Kester's creditors will benefit by the dismissal of her bankruptcy case. Accordingly, Mrs. Kester's Motion for Dismissal is granted. Because a motion for relief from the automatic stay[2] was pending when Mrs. Kester filed her Motion for Dismissal, she is barred from seeking bankruptcy relief for 180 days from the date of this order.[3]

### Findings

Charlotte Kester and her husband, Donald Kester, filed their joint petition for Chapter 7 relief on December 12, 2003. Although numerous adversary proceedings filed by and against Mr. Kester have delayed the administration of the Kesters' joint bankruptcy case, Mrs. Kester is party to only one adversary proceeding and her action or inaction is not otherwise responsible for any delay. In that sole adversary proceeding, the Kesters are defendants in a complaint for turnover filed by the Chapter 7 trustee.[4] In his complaint, the Chapter 7 trustee sought, among other things, the turnover of the Kesters' principal residence, which has considerable equity and is held in a living revocable trust for the Kesters as beneficiaries. However, this Court concluded the Kesters' principal residence is protected as a homestead under Kansas law.[5] Nothing in the trustee's complaint for turnover, although pending final resolution, otherwise indicates that non-exempt assets of consequential value are available for administration. Neither

are non-exempt assets of consequential value disclosed on the Kesters' bankruptcy schedules.

The record and testimony reflect that the Kesters have approximately $66,000.00 in joint secured debt that includes a mortgage of approximately $30,000.00 on a house worth over $300,000.00. The Kesters also share joint unsecured debt of approximately $17,000. Mrs. Kester alone owes approximately $47,000.00 in unsecured debt. Although Mrs. Kester is entitled to an order of discharge which, but for an administrative oversight, she would have already received, she would prefer to pay her debts outside of bankruptcy by refinancing the mortgage on the Kesters' principal residence. Mrs. Kester's income, which was at least $26,800.00 in 2004, has the potential for growth and will provide another means of paying her debts outside of bankruptcy.

### Conclusions

■ This Court may dismiss a case under Chapter 7 "only after notice and a hearing and only for cause...."[6] Although "cause" is not defined by the Bankruptcy Code, most courts considering dismissal agree that "cause" minimally requires that a debtor's creditors will not be prejudiced.[7] In the present case, Mrs. Kester's unsecured creditors stand to gain little or nothing if the Court denies her Motion for Dismissal. Mrs. Kester's primary asset is an exempt homestead that is not available for administration by the Chapter 7 trustee. There is otherwise nothing in the record to suggest that Mrs. Kester has

1. Doc. No. 116.

2. Doc. No. 105.

3. 11 U.S.C. § 109(g).

4. Adv. No. 03–6089.

5. *See Redmond v. Kester,* Adv. No. 03–6089, —— B.R. ——, 2005 WL 3846800 (Bankr. D.Kan. Sept. 16, 2005).

6. 11 U.S.C. § 707(a).

7. *In re Stairs,* 307 B.R. 698, 702 (Bankr. D.Colo.2004).

other assets of consequential value available for administration. Further, any delay associated with Mrs. Kester's case has not been prejudicial because her creditors would not have received a consequential distribution through the administration of her bankruptcy estate. For these reasons, the Court finds that Mrs. Kester's Motion for dismissal is made in good faith and that her unique situation is one of the rare instances in which dismissal operates as a benefit to creditors.[8] While Mrs. Kester's creditors stand to gain little or nothing through the administration of her bankruptcy estate, Mrs. Kester's creditors stand to receive substantial, if not complete, satisfaction of their claims if her case is dismissed.

IT IS THEREFORE ORDERED that Mrs. Kester's Motion for Dismissal is granted.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION

The trustee's Objection to Exemption[1] is before the Court. As the sole ground for his objection, the trustee contends that the debtors as beneficiaries may not exempt property held in trust. However, under Kansas law, if an interest is exempt from the claims of creditors, the corresponding interest of the beneficiary of a trust is also protected.[2] Accordingly, the trustee's Objection to Exemption is OVERRULED.

---

8. This Court also adopts, to the extent consistent with this order, the findings and conclusions made on the record at the April 25, 2005, hearing on Mrs. Kester's Motion for Dismissal.

1. Doc. No. 45.

2. The Court incorporates by reference the legal conclusions it made in the Memorandum Opinion and Order Denying in Part and Granting in Part the Trustee's Motion for Summary Judgment, Adv. No. 03–6089.