In re Donald Kenton KESTER
and Charlotte Yvonne
Kester, Debtors.

Christopher J. Redmond,
Trustee, Appellant,

v.

Donald Kenton Kester and Charlotte
Yvonne Kester, Appellees.

BAP Nos. KS–05–095, KS–05–107.
Bankruptcy No. 02–24689–7.

United States Bankruptcy Appellate Panel
for the Tenth Circuit.

March 13, 2006.

Submitted on the briefs: *

Christopher J. Redmond, Eric J. Howe, Husch & Eppenberger, LLC., Leawood, Kansas, for Appellant.

Before BOHANON, MICHAEL, and McNIFF, Bankruptcy Judges.

## OPINION

MICHAEL, Bankruptcy Judge.

Christopher J. Redmond ("Trustee"), the Chapter 7 trustee in the above-captioned case, appeals two orders of the Bankruptcy Court for the District of Kansas: 1) overruling the Trustee's objection to a claim of homestead exemption (the "Exemption Order") and 2) granting a motion for dismissal of one joint debtor (the "Dismissal Order"). After review, we affirm the bankruptcy court in all respects.

### I. Background

Several years prior to filing their bankruptcy petition in this case, Donald K. Kester and Charlotte Y. Kester (the "Kesters" or "Debtors") transferred legal title to certain property, including their principal residence (the "Real Property"), into self-settled living revocable trusts (collectively, the "Trust").[1] Each of the Debtors is a beneficiary of the Trust. On Decem-

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The Court granted Appellant's request for a decision on the briefs without oral argument on January 11, 2006. The case is therefore ordered submitted without oral argument.

1. The two trusts were the Charlotte Y. Kester Declaration of Trust and the Donald K. Kester Declaration of Trust. Charlotte Y. Kester is the trustee of the Charlotte Y. Kester Declaration of Trust. The record does not identify the trustee of the Donald K. Kester Declaration of Trust.

ber 13, 2002, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. After several amendments to their bankruptcy schedules, the Debtors eventually claimed various exemptions under Kansas law, including a homestead exemption on the Real Property pursuant to Kansas Statutes Annotated § 60–2301.[2] The Trustee objected on the ground that the Debtors, as beneficiaries of the Trust, could not claim an exemption in the Real Property held by the Trust.[3]

The Trustee subsequently filed an adversary proceeding to compel the turnover of the Trust assets. Debtor Charlotte Kester later filed a motion to dismiss herself from the bankruptcy case, to which the Trustee objected. On September 16, 2005, the bankruptcy court issued a "Memorandum Opinion and Order Denying in Part and Granting in Part the Trustee's Motion for Summary Judgment" (the "Memorandum Opinion") in addition to the Exemption Order and the Dismissal Order. Both the Dismissal Order and the Exemption Order, which are the subjects of the present appeal, incorporate the legal analysis of the Memorandum Opinion by reference. The summary judgment order that is incorporated into the Memorandum Opinion is the subject of a separate appeal that is currently before the District Court for the District of Kansas.

## II. Appellate Jurisdiction and Standard of Review

■ This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[4] "A bankruptcy court's order denying a claimed exemption is a final order."[5] Neither party elected to have this appeal heard by the United States District Court for the District of Kansas, thus consenting to review by this Court.

■ A bankruptcy court's interpretation of a state statute is subject to *de novo* review.[6] "The decision of whether to grant a motion to voluntarily dismiss a bankruptcy petition lies within the discretion of the bankruptcy court and is reviewed only for an abuse of discretion."[7] "Under the abuse of discretion standard: a trial court's decision will not be disturbed unless the appellate court has a definite

2. Kan. Stat. Ann. § 60–2301 (2005).

3. In the Trustee's Objection to Schedule C Exemptions, the Trustee objected to claimed exemptions in the Debtor's residence, household furnishings, and two automobiles, all on the ground that this property was held in trust rather than in the names of the Debtors. *See* Appellant's App. Vol. 1, at 84. Although the Exemption Order applies to the Trustee's objections to each of these claimed exemptions, this Court, following the Appellant's Brief, will focus solely on the claimed homestead exemption in the Real Property. The analysis and conclusion set forth herein apply equally to the exemptions claimed in other personal property in which the Debtors hold a beneficial interest. In addition, the Trustee also objected to the Debtor's claim of exemption in the office equipment as "Tools of Trade." That claim of exemption was subsequently withdrawn by the Debtors. *See* Debtors' Response to Trustee's Objection to Schedule C Exemptions, *in* Appellant's App. Vol. I, at 91.

4. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

5. *In re Carlson*, 303 B.R. 478, 480 (10th Cir. BAP 2004).

6. *In re Castletons, Inc.*, 990 F.2d 551, 557 (10th Cir.1993) (citing *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)).

7. *In re Maixner*, 288 B.R. 815, 817 (8th Cir. BAP 2003).

and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[8] "An abuse of discretion may occur if a court bases its ruling on a view of the law that is erroneous."[9]

## III. Discussion

The facts in this case are not in dispute. Kansas prohibits its citizens from electing to use federal exemptions provided in § 522(d).[10] Therefore, whether a debtor as beneficiary may claim exemptions in property held in trust is governed by Kansas law.

██ Subject to certain exceptions that are not applicable in this case, upon commencement of a case under the Bankruptcy Code, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[11] Under Kansas law, a trust beneficiary holds equitable title and the trustee holds legal title to property held by a trust.[12] Therefore, the Debtors hold an equitable interest in the Real Property that is sufficient to make it property of the estate.

### A. The Exemption Order

*1. Debtors have sufficient interest in the property to support a homestead exemption.*

██ The Trustee's primary argument is that under the plain language of the

Kansas statute, the Debtors' equitable interest in the Real Property is insufficient to support a claim of homestead exemption. The Kansas homestead exemption is provided for in Kansas Statutes Annotated § 60–2301, which reads:

A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, or a manufactured home or mobile home, occupied as a residence *by the owner* or *by the family of the owner,* or *by both the owner and family* thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife, when that relation exists.[13]

Although the Kansas Supreme Court has published several cases that have interpreted the homestead statute, none relates specifically to whether the beneficiary of a self-settled trust may exempt property un-

8. *In re Blagg,* 223 B.R. 795, 801 (10th Cir. BAP 1998) (internal citations omitted).

9. *Id.* at 801–802 (citation omitted).

10. Kan. Stat. Ann. § 60–2312 (2005).

11. § 541(a)(1). Section 541(c)(2) provides that if a restriction on the transfer of a beneficial interest of a debtor in a trust is enforceable under applicable non-bankruptcy law, that restriction will also be enforceable under the Bankruptcy Code. The Trust is described

as a self-settled revocable trust. The record does not indicate that there are any restrictions on the transfer of the Debtors' interest created by the trust instrument.

12. *Gillespie v. Seymour,* 250 Kan. 123, 823 P.2d 782, 792 (1991) (citing *Blackwell v. Blackwell,* 88 Kan. 495, 129 P. 173 (1913); Restatement (Second) of Trusts § 2 cmt. f (1959)).

13. Kan. Stat. Ann. § 60–2301 (2005) (emphasis added).

der that statute. "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule."[14] It is therefore this Court's task to predict how the Kansas Supreme Court would rule under the facts of this case.

It is settled law in Kansas that equitable title can support a claim of homestead exemption.[15] The Kansas Supreme Court has held that "[a] homestead right of occupancy may be established upon a cotenancy title, an equitable title, or an executory contract to purchase, a leasehold estate, or an estate for life, as against almost any class of claimants except cotenants."[16] Likewise,

> [a]n equitable owner of real estate may occupy and hold the same as his homestead, subject to all the rights, privileges, immunities and disabilities given and imposed by the homestead exemption laws. (Following *Tarrant v. Swain*, [15 Kan. 146 (1875) ].) And being in the actual occupancy of the land, all persons must take notice of his homestead interests.[17]

Absent some authority or sound policy to the contrary, we conclude that the same rationale would be applied to the facts of this case.

The bankruptcy court cited six decisions in which the Kansas Supreme Court determined that an equitable interest in real property is sufficient to claim a homestead interest.[18] Three of those cases, *Southern v. Linville*, *Walz v. Keller*, and *Moore v. Reaves*, held that a contract for the sale of land gave the purchaser an equitable interest in the land, and that the homestead statute protected the wife of the purchaser from transfer of that interest without her consent.[19] In *Stowell v. Kerr*, a relative lent money to the debtor for the purchase of a homestead, but kept the legal title to the property in his own name.[20] The court found that the debtor's equitable interest in the property was sufficient to claim a homestead interest.[21] In *In re Dahn*, the court held that a widow's equitable interest under a conditional sales contract was sufficient to claim a homestead interest in a mobile home.[22] And in *Tarrant v. Swain*, the court held that an undivided one-half interest in real property gave a debtor an equitable interest in said property that would uphold a homestead claim.[23] Based

---

**14.** *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir.2002). *See also In re Carlson*, 303 B.R. at 483.

**15.** *See, e.g., Stowell v. Kerr*, 72 Kan. 330, 83 P. 827 (1905); *Moore v. Reaves*, 15 Kan. 150 (1875); *Tarrant v. Swain*, 15 Kan. 146 (1875).

**16.** *Cole v. Coons*, 162 Kan. 624, 178 P.2d 997, 1003 (1947).

**17.** *Moore*, 15 Kan. at 153.

**18.** Memorandum Opinion, *in* Appellant's App. Vol. II, at 625, 631. *See In re Estate of Dahn*, 204 Kan. 535, 464 P.2d 238 (1970); *Southern v. Linville*, 139 Kan. 850, 33 P.2d 123 (1934); *Walz v. Keller*, 102 Kan. 124, 169 P. 196 (1917); *Stowell*, 72 Kan. 330, 83 P. 827; *Moore*, 15 Kan. 150; *Tarrant*, 15 Kan. 146.

**19.** *Southern*, 33 P.2d at 127 ("It is said that the law protects a leasehold interest and any equitable interest of land of which the claimant's family has possession."); *Walz*, 169 P. at 197("A homestead right attaches to an equitable interest as well as to a fee-simple title."); *Moore*, 15 Kan. 150.

**20.** *Stowell*, 83 P. at 828.

**21.** *Id.*

**22.** *In re Estate of Dahn*, 464 P.2d at 242.

**23.** *Tarrant*, 15 Kan. at 149 ("an equitable interest in real estate, or an interest less than a freehold, will uphold a homestead interest (citation omitted)").

on those cases, the bankruptcy court concluded that the Debtors' equitable interest in the Real Property was sufficient to support a homestead exemption.

The Trustee argues that the Kansas cases cited by the bankruptcy court are factually distinguishable from the case sub judice because they did not involve the interests of a beneficiary of a trust. While the Trustee is correct in that regard, this Court believes this case does not warrant a different outcome.

Because these Kansas Supreme Court cases do not adequately address the availability of a homestead exemption to a beneficiary of a self-settled revocable trust, we are charged with predicting how it would rule under the facts of this case. To that end, we look to that court's expressed policy of liberal construction of the state's homestead provisions.[24] The Kansas Supreme Court has noted that the homestead was established "for the benefit of the family and of society—to protect the family from destitution, and society from the danger of her citizens becoming paupers."[25] The interest in a self-settled trust is not sufficiently different from the equitable interest in the cases cited *supra* to justify a different result. Given the statements by the Kansas Supreme Court

that an equitable title will support a homestead exemption under Kansas law and the liberal policy supporting such a finding, we conclude the bankruptcy court correctly held that the Debtors have a properly claimed homestead exemption in their interest in the Real Property.

The Trustee cites a number of cases in support of a contrary result. To the extent those cases "turn upon the wording of constitutional and statutory provisions different from" those of Kansas, the cases are not persuasive.[26] For example, the Trustee relies on two cases from Illinois and one from Florida that deal with the nature of a beneficiary's interest in an "Illinois land trust."[27] Those cases stand for the proposition that "a beneficial interest in an Illinois land trust is treated as personal property separate and distinct from the land itself" and hold that the beneficiary of an Illinois land trust does not hold an interest in the real property held by the trust sufficient to support homestead rights.[28] Both Illinois and Florida provide a specific form of trust known as an Illinois land trust under which "the title to real property, both legal and equitable, is held by a trustee" and only the use or benefit of the property is reserved for the beneficiary.[29] On that basis, the cases are

24. *Kansas ex. rel. Apt v. Mitchell*, 194 Kan. 463, 399 P.2d 556, 558 (1965):
It suffices to say that Kansas has zealously protected the family rights in homestead property by liberally construing the homestead provision in order to safeguard its humanitarian and soundly social and economic purposes; and nothing less than the free consent of the resident owner of the homestead ... will suffice to alienate the homestead, except under the specified exceptions provided in the constitution.
*See also In re Lampe*, 331 F.3d 750, 754 (10th Cir.2003) ("In determining whether a debtor is entitled to claim an exemption, 'the exemption laws are to be construed liberally in favor of exemption.'") (citing *In re Ginther*, 282 B.R. 16, 19 (Bankr.D.Kan.2002)).

25. *Mitchell*, 399 P.2d at 558 (quoting *Morris v. Ward*, 5 Kan. 239, 244 (1869)).

26. *Cole v. Coons*, 178 P.2d at 1001.

27. See Appellant's Brief, at 19; *Citizens Bank & Trust Co. v. Romano (In re Romano)*, 426 F.Supp. 1123 (N.D.Ill.1977); *McGuane v. Everest Trading, LLC (In re McGuane)*, 305 B.R. 695 (Bankr.N.D.Ill.2004); *Goldman v. Mandell*, 403 So.2d 511 (Fla.Dist.Ct.App.1981).

28. *In re Romano*, 426 F.Supp. at 1127–28.

29. 765 Ill. Comp. Stat. 405/1 (2005); Fla. Stat. § 689.071 (2005). See *Goldman*, 403 So.2d at 511; *Wambach v. Randall*, 484 F.2d 572, 575 n. 1 (7th Cir.1973) (quoting *Levine v.*

distinguishable.[30]

**2. *The Court need not decide whether the Kansas exemption law is limited to natural persons.***

The Trustee makes a rather cryptic argument that because the Kansas homestead exemption statute refers to "owners" of real property, then it must be limited to natural persons, and concludes the Trust may not claim the Debtors' homestead as exempt.[31] The bankruptcy court held that the equitable interest of the Debtors in the Real Property held by the Trust supports a claim of homestead exemption *by the Debtors*, who are natural persons. There has been no assertion that the Trust is attempting to claim any exemption. Because the Trust is not claiming a homestead exemption, we need not address the argument further.

**3. *Allowing Debtors to claim their homestead as exempt under Kansas law does not compromise the bankruptcy process.***

 We reject the Trustee's assertion that allowing Debtors to claim a homestead exemption in property voluntarily transferred to a self-settled trust will compromise the bankruptcy process. In Kansas, the general rule is that "[d]uring the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors." [32] The record contains no evidence that language in the trust instrument deviates from the general rule. We have already established that the Debtors' interest in the Real Property is property of the estate. The placement of the legal title to the Real Property in the name of the Trust does not prejudice the rights of the Debtors' creditors.[33] Given

*Pascal,* 94 Ill.App.2d 43, 236 N.E.2d 425, 428 (1968)):

> The Illinois land trust, by its very nature, is characteristically different from common law land trusts. While the common law accomplishes a split between the legal title in the trustee and the equitable title in the beneficiary, in an Illinois land trust, the trustee has both legal and equitable title .... By placing with the trustee the "full, complete and exclusive title to the real estate, both legal and equitable," the beneficiary in an Illinois land trust is left with a personal property interest only .... Numerous ... cases stand for the proposition that the interest of the beneficiary of an Illinois land trust is personal property.

30. The Trustee cites two other cases from foreign jurisdictions that are equally unpersuasive: *Indiana Dept. of State Revenue v. Estate of Puschel,* 582 N.E.2d 923, 927 n. 1 (Ind.1991) (noting that a trust beneficiary's interest in property under Indiana law differs from that described in the Restatement (Second) of Trusts § 130); *Air Power, Inc. v. Thompson,* 244 Va. 534, 422 S.E.2d 768, 770 (1992) (distinguishing between a "land trust," in which the beneficiary retains no interest, legal or equitable, and a "creditor trust," in which the beneficiary retains equitable title).

One case cited by the Trustee directly contradicts his stated position, and provides further support that the bankruptcy court made a correct decision under Kansas law. *See Waldschmidt v. FDIC (In re Preston),* 52 B.R. 296, 299 (Bankr.M.D.Tenn.1985) (explaining differences between beneficial interests across the various states under different statutory schemes; stating "In the case of an ordinary trust, if the trust property is real property the interest of the beneficiaries is usually considered to be real property.") (citing Restatement (Second) of Trusts § 130 (1959)).

31. Appellant's Brief, at 13–14.

32. Kan. Stat. Ann. § 58a–505(a)(1) (2005).

33. The Trustee argues that by transferring legal title to the Real Property to the Trust, the Debtors were attempting to keep the property out of their individual names and out of reach of their personal creditors. The Trustee's argument appears to be based on a misunderstanding of Kansas trust law. He cites to an Illinois case for the proposition that a person may voluntarily transfer assets to a trust in order to both hide their identity as beneficiary and shield those assets from the settlor's creditors. Appellant's Brief, at 14. *See In re McGuane,* 305 B.R. at 699 n. 1. That

the strong policy statements of the Kansas Supreme Court that the homestead exemption should be construed liberally in order to "protect the family and society from the hardships which occur when a family loses its home," the homestead exemption should be allowed.[34]

## B. Dismissal Order

Because the bankruptcy court correctly held the Debtors' residence to be exempt under Kansas law, we conclude the bankruptcy court did not abuse its discretion in finding that there were no remaining assets of the estate to distribute to the creditors of Charlotte Kester and in dismissing her from this case.

## IV. Conclusion

This Court concludes that the Debtors have a properly claimed homestead exemption in their interest in the Real Property. We also conclude that the bankruptcy court did not abuse its discretion in dismissing debtor Charlotte Kester from this case. The decision of the bankruptcy court is affirmed.

case deals with an Illinois land trust, which as discussed, *supra,* is fundamentally different from the type of trust available under Kansas law.

**34.** *Mitchell,* 399 P.2d at 558. The Trustee cites to *Redmond v. Tuttle,* 698 F.2d 414, 417 (10th Cir.1983) for the proposition that "[p]roperty ... transferred out of an estate and later recovered by the trustee cannot then be exempted by the debtor." That case is distinguishable because all property transferred by the Debtors' to the self-settled revocable trusts remained property of the estate under Kansas law and did not constitute a transfer out of the estate. Therefore, the later acquisition of Trust property by the Trustee did not constitute recovery of assets.